COLLETTE BELLINE, Plaintiff-Appellee, *v.* VINCENT ITALIA *et al.*, Defendants—(THE FRATERNAL ORDER OF EAGLES, Aerie No. 1952, Defendant-Appellant.)

(No. 54675;

First District—June 23, 1971.

Heineke, Schrader, Marsch & Cuncannan, of Chicago, (William H. Schrader, Richard T. Sikes, and Ronald J. Broida, of counsel,) for appellant.

Frank J. Belline, of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Collette Belline, brought an action for personal injuries against defendants, Vincent Italia, The Melrose Park Little League, and The Fraternal Order of Eagles, Aerie No. 1952. Plaintiff alleged that her injuries were caused by defendant, Vincent Italia, when in an intoxicated state, shoved and pushed her at a dance sponsored by defendant, Melrose Park Little League, at a hall owned and controlled by defendant Fraternal Order of Eagles.

On January 6, 1969, a Magistrate of the Circuit Court of Cook County entered a default order against defendant Fraternal Order of Eagles. On January 10, 1969, pursuant to said order, a jury assessed plaintiff's damages in the amount of $7,000. On January 13, 1969, defendant Fraternal Order of Eagles moved to vacate the default judgment. The trial court denied defendant's motion. The sole issue on appeal is whether the trial court's refusal to set aside the default judgment was an improper appli-

cation of discretion. The Statute which governs the outcome of this case, Ill. Rev. Stat., 1967, ch. 110, par. 50(5), provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

Ever since *Mason v. McNamara* (1870), 57 Ill. 274, 277, Illinois courts have been "liberal in setting aside defaults at the term at which they were entered, where it appears that justice will be promoted thereby." The earlier cases required that a motion to set aside a default "must show that the party making the same acted with due diligence to protect his rights and that he has a meritorious defense." (*Dalton v. Alexander* (1956), 10 Ill.App.2d 273, 282, 135 N.E.2d 101.) The governing Statute was amended which caused the court in *Widicus v. Southwestern Elec. Cooperative* (1960), 26 Ill.App.2d 102, 108, 167 N.E.2d 799, to comment, "we do not believe this court now must categorically determine that a meritorious defense or a reasonable excuse be proved to justify setting aside a default. We believe that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice * * *. The hurried entry of a default is a denial of substantial justice to the defendant." This construction of the Statute was further approved in *Trojan v. Marquette Nat. Bank* (1967), 88 Ill.App.2d 428, 438, 232 N.E.2d 160, where the court stated:

> "The more recent trend of the court is to subordinate the existence of a meritorious defense or excusable neglect to the primary goal of assuring that justice be served by affording the defaulting party his day in court."

Mindful of these general principles as well as the court's dictate in *Trojan v. Marquette Nat. Bank, supra,* at page 439, that "determining whether or not a default should be set aside is a question governed by the facts peculiar to each specific case * * *", we turn to the facts in the case before us.

On November 22, 1967, plaintiff filed a complaint based upon an alleged violation of the Liquor Control Act. Defendant, Fraternal Order of Eagles, entered its appearance and jury demand. Pursuant to court order, defendant was granted leave to effect the discovery deposition of the plaintiff. On October 24, 1968, attorneys for plaintiff and defendant attended a pre-trial conference with the Honorable Lionel Berc, Magistrate of the Circuit Court of Cook County. The cause was returned to the trial calendar and the attorneys were directed to communicate with

each other concerning further progress of the case. On Monday, December 23, 1968, the cause first appeared "above the black line" on the Fourth Municipal District trial call. According to instructions that appear in the Daily Municipal Court Record for the Fourth Municipal District, "cases above the black line are subject to immediate assignment for trial and counsel shall answer the call daily until such case is assigned for trial, unless excused by the court." On Monday, January 6, 1969, after the Christmas recess, defense counsel claims that he telephoned the Clerk's office in the Fourth Municipal District and stated that he had become engaged in another matter before the Honorable Jacques Heilingoetter, Judge of the Circuit Court of Cook County. He requested that this information be conveyed to the Presiding Judge. On January 6, 1969, this cause still appeared in the Daily Municipal Court Record as the last case on the trial call. On the same date, counsel for plaintiff responded to the call, but there was no appearance by defense counsel. The Honorable Francis X. Connell, Magistrate of the Circuit Court of Cook County, entered a default order in favor of the plaintiff and set the matter over to January 10, for a jury prove-up in accordance with defendant's earlier request for a jury trial. On January 7 and January 8, the case was still listed in the Daily Municipal Court Record as last on the trial call. On January 10, 1969, the jury assessed plaintiff's damages at $7,000.

In reviewing these facts, we note defense counsel's extensive participation in the case in entering an appearance and a jury demand; in petitioning for leave to effect a deposition; in filing an answer and attending a pre-trial conference. This extensive participation does not excuse defense counsel's failure to answer the trial call. However, it does not appear that defense counsel was wholly to blame. The critical dates to focus on, December 23 through January 6, spanned the Christmas and New Year holidays. On January 6, 1969, the first Monday after the vacation period, defense counsel claims he telephoned the Fourth Municipal District Clerk to inform the court he was engaged in another matter. The position of the case as last on the trial call on January 7 and 8, 1969, the two days immediately subsequent to the entry of the default order, supports the inference that the message had been relayed, at least to the Clerk.

■■ We believe that the default order entered on January 6, followed by another *ex parte* proceeding, the jury prove-up on January 10, were harsh penalties to impose upon defendant where the neglect of defense counsel was doubtful. Accordingly, in light of the above cited cases, we find the trial court's failure to set aside the default judgment was a violation of defendant's right to fundamental justice. "Rights should be determined by default only as a last resort." *Mieszowski v. Norville* (1965), 61 Ill.App.2d 289, 298, 209 N.E.2d 358.

For these reasons, the order denying the motion to set aside the default judgment is reversed and the cause is remanded with directions to the trial court to vacate the judgment and for further proceedings not inconsistent with the views expressed herein.

Order reversed and remanded with directions.

BURMAN and DIERINGER, JJ., concur.