2 Ill. App.3d 493 (1971)
275 N.E.2d 470
RODNEY L. KNIGHT et al., Plaintiffs-Appellees,
v.
KENILWORTH INSURANCE COMPANY, Defendant-Appellant.
No. 71-62.
Illinois Appellate Court  Second District.
November 15, 1971.
*494 Klockau, McCarthy, Schubert, Lousberg & Ellison, of Rock Island, for appellant.
Howard Prestwich, of Freeport, for appellees.
Reversed and remanded.
Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:
Defendant appeals from a denial of his motion to vacate a default judgment entered in favor of the plaintiffs, claiming that the refusal of the trial court to set aside such judgment was unjust, unreasonable and oppressive.
Plaintiffs were insured by the defendant whose policy contained an uninsured motorist clause. This clause was the basis of a small claim suit, instituted by the plaintiffs against the defendant on December 10, 1970. Summons was issued, setting forth the return date as January 12, 1971, and served upon the defendant on January 7, 1971. The defendant failed to appear or plead by the return date and on January 19, 1971, a default order was entered, proofs were heard and a judgment in the sum of $920.70 plus costs of $17.16 was entered.
Three days later (January 22, 1971), defendant's attorney filed a motion supported by affidavit to set aside the default. The affidavit related that at the time the case file was forwarded to defense counsel, he was engaged in trial in Des Moines, Iowa, and that, through inadvertence, he failed to notice the date of appearance. The motion alleged that the defendant had a meritorious defense. Filed on the same date was a motion to dismiss plaintiffs' complaint based upon certain provisions contained within the policy.
Upon hearing, the trial court denied the motion to vacate its former judgment and this appeal followed. During the pendency of the appeal, plaintiffs filed a motion for attorney fees as provided by statute, Ill. Rev. Stat. 1969, ch. 73, par. 767, and the motion was taken with the case.
 1-4 Early in the common law of Illinois, it was established that the *495 setting aside of a default judgment within term time (30 days) is generally a discretionary matter for the trial court; however, the exercise of that discretion is subject to review, Scales et al. v. Labar et al. (1869), 51 Ill. 232. During this same period, it was further established that trial courts should be liberal in setting aside default orders within term time when it appears that justice will be promoted. (Mason v. McNamara et al. (1870), 57 Ill. 274, 277.) Prior to 1933, it was necessary that a meritorious defense and good excuse be shown. Today these are not necessary but are factors, as is hardship suffered by the plaintiff, which the court may take into account in resolving the more basic determination of dispensing justice between the parties. Widicus v. Southwestern Elec. Cooperative (1960), 26 Ill. App.2d 102, 108-109.
 5, 6 The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served, Trojan v. Marquette Nat. Bank (1967), 88 Ill. App.2d 428, 438. "What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome." (Widicus, supra, 109.) From the facts in this case, we are of the opinion that justice will be accomplished by allowing the defendant his day in court.
 7 With regard to plaintiffs' request for attorney fees, the motion alleges that, prior to suit being filed, defendant declined to settle plaintiffs' claim; that on two separate occasions following the trial court's ruling herein, plaintiffs approached defendant's counsel to settle the cause, but to no avail, defendant's counsel stated he was without authority to do so. Based upon these allegations, plaintiffs conclude that defendant's refusal was vexatious and without reasonable cause. We disagree and the motion is here denied.
We recognize a certain degree of inequity incurred by a plaintiff when a default judgment, occasioned by a defendant, is vacated. Howevery, Section 50(5)) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(5)) provides for redress by granting the trial court the right to condition the setting aside of any default judgment "upon terms and conditions that shall be reasonable."
For the reasons stated herein the judgment is reversed, the cause remanded with directions to vacate the judgment entered and to allow the defendant to answer or otherwise plead to the complaint filed herein.
Reversed and remanded with directions.
GUILD and SEIDENFELD, JJ., concur.