ROBERT GLENNER, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY et al., Defendants-Appellees.

(No. 56933; ▮▮▮▮▮▮▮▮)

First District—December 13, 1972.

Frank J. Mackey, Jr., of Chicago, (Sidney Z. Karasik, of counsel,) for appellant.

James J. O'Donohue, Jerome F. Dixon, and Edmund J. Burke, all of Chicago, for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In this action, plaintiff, Robert Glenner, sued to recover $25,000 in damages for personal injuries which he sustained on July 29, 1965, when defendant Chicago Transit Authority's bus allegedly collided into the rear of plaintiff's automobile.

On August 23, 1971, the matter was assigned for pretrial. The parties appeared with their respective attorneys on October 4, 1971. There is no verbatim report of what occurred at this hearing. Plaintiff presented a proposed report of proceedings pursuant to Supreme Court Rule 323(c) (ch. 110A, Ill. Rev. Stat. 1971, par. 323(c)), but the pretrial judge refused to sign it. The defendant did not serve amendments thereto or a counter proposal.

A brief summary of the statement of facts as proposed is as follows: The pretrial judge inquired as to the nature of the action, the amount of plaintiff's special damages and the amount of plaintiff's demand for settlement. The court was informed that plaintiff, a practicing physician who specializes in obstetrics and gynecology, was hospitalized for one week and unable to work for one month. Plaintiff asserted that at the time of the pretrial conference, he was disabled from the effects of the accident, and that while performing surgery he had difficulty "from time to time" which was attributable to the accident.

The pretrial judge suggested that $3500 was a fair and reasonable settlement. Plaintiff told the court that the amount was inadequate and unacceptable. The judge stated that the plaintiff should accept the offer "since in the event of trial he might get nothing." Plaintiff told the court that he would only accept the sum if the court insisted. The judge stated

that plaintiff should settle the case for $3500 "because it was a good deal for him." Plaintiff said that under those circumstances there apparently was no choice and that he would follow the judge's direction. The court thereupon entered an order dismissing the cause based on the settlement.

The following day, plaintiff appeared personally before the court. He told the judge that he did not want to settle the case for $3500 and that he desired a trial. The court responded, "It's too late." Plaintiff consulted with his attorney, who filed a motion to vacate the order of dismissal entered on October 4, 1971. Plaintiff's motion was denied on October 29, 1971. Plaintiff appeals from the October 4th order of dismissal and from the order of October 29, denying plaintiff's motion to vacate.

Plaintiff contends he was coerced in agreeing to a settlement. He maintains that even conceding arguendo that he had freely and voluntarily agreed to settle his case for $3500, nevertheless it was an abuse of discretion for the trial judge to refuse to vacate the order of dismissal on plaintiff's timely motion. He argues that the court should have been liberal in resetting the case for trial on the merits when plaintiff, shortly after the order of dismissal was entered, indicated his dissatisfaction with the settlement.

Section 50(5) of the Civil Practice Act provides:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." ch. 110, Ill. Rev. Stat. 1971, par. 50(5).

Plaintiff's motion of October 29 to vacate the order of October 4 was obviously made within 30 days after entry of the order of dismissal.

The defendant argues that plaintiff's motion to vacate the order of dismissal alleges no facts whatsoever to support the relief sought, and that the record does not show that plaintiff offered the testimony or affidavit of any witness in support of his motion.

Prior to the 1955 revision of the Civil Practice Act, Par. 6 of Sec. 50 required that a motion to vacate a judgment be accompanied by an affidavit. The requirement was deleted in the revision. Nowhere does paragraph 5 of the present section 50, (which replaced the old paragraph 6,) call for the filing of affidavits. *Sarro v. Illinois Mutual Fire Insurance Co.,* 34 Ill.App.2d 270, 181 N.E.2d 187, cited by the defendant, involved a motion to vacate a default judgment in favor of the plaintiff, not a dismissal order based on an agreed settlement.

■■ The record shows that the parties entered into a settlement agreement during a pretrial conference while the cause was awaiting a trial

date. If plaintiff had refused a settlement, the case would have been returned to the trial calendar. There is no statute or rule of court which would have enabled the trial judge to have refused to set the case for trial. Instead, plaintiff cooperated with the court by at first agreeing to the settlement. When plaintiff subsequently changed his mind and filed a timely motion to vacate, the motion should have been granted.

Despite the salutary effects of pretrial settlements on court dockets, every means available should be exercised by a judge so as to protect the rights of a litigant to have a trial on the merits. Under the circumstances of the instant case, no particular hardship or prejudice arises in requiring the defendant to go to trial on the merits. *People ex rel. Reid v. Adkins*, 48 Ill.2d 402, 270 N.E.2d 841, 844.

■■■ Whether or not a court should vacate and set aside a judgment within 30 days after its entry generally rests in the sound discretion of the court, depending on the facts presented. (*People ex rel. Elliott v. Benefiel*, 405 Ill. 500, 505, 91 N.E.2d 427, 430.) In the instant case, the dismissal order of the court was not based on testimony of witnesses or upon a trial of the merits. Plaintiff promptly expressed his dissatisfaction with the settlement, and made a timely motion to vacate. Indeed, plaintiff personally requested of the court, on the day following the pretrial conference, to vacate the dismissal order and to set the cause for trial. Under these circumstances, we believe that the plaintiff is not required to show that he offered the testimony or affidavits of witnesses at the pretrial hearing on his motion to vacate. We are of the opinion that justice and fairness require that the plaintiff be permitted to have a trial on the merits.

We reject defendant's argument that the proposed report of proceedings was inadequate under Supreme Court Rule 323(c). *Feldman v. Munizzo*, 16 Ill.App.2d 58, 147 N.E.2d 427, cited by defendant, is distinguishable. In *Feldman*, the proposed report revealed on its face the omission of certain evidence. Nor is there any merit to defendant's contention that the proposed report of proceedings was not timely served on the defendant after the notice of appeal was filed.

The dismissal of the cause entered on October 4, 1971, is reversed and the order entered on October 29, 1971, denying the motion to vacate the dismissal, is likewise reversed. The cause is remanded to be reinstated on the trial calendar.

Reversed and remanded with directions.

DIERINGER, P. J., and ADESKO, J., concur.