*In re* ESTATE OF ROY WILLARD DAVISON, Deceased—(LEONARD JARNOWSKI *et al.*, Claimants-Appellants, *v.* MARJORIE RADKE, Adm'r of the Estate of Roy Willard Davison, Deceased, Defendant-Appellee.)

(No. 73-82;

Second District—September 3, 1974.

LeRoy Stevens, of Chicago, for appellants.

Gunner, Keller & Magdich, of Dixon, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The estate of Roy Willard Davison was opened on July 1, 1971, and on January 11 and 21, 1972, the appellants filed claims for services rendered. Due notice was mailed to counsel for the claimants on January 24, 1972. It is admitted that this notice was timely received. The notice stated that on February 8, 1972, the administrator "* * * would appear and ask for an immediate hearing on the claims of the appellants * * *." The appellants did not appear on that date and the attorney for the administrator was directed to submit an order disallowing the claims. On February 15, 1972, the order was submitted and entered.

The sole question presented in this case is whether the use of the word "immediate" in a notice of motion is sufficient to apprise the claimants of the administrator's intention to ask for a hearing on the merits of the claim on that day. Appellants contend that the word "immediate" connotes the act being done within a reasonable time, while the use of the word "instanter" would apprise appellants that the hearing on the merits would be had on that date.

■■ Stating it more succinctly, appellants' contention is that had the notice read "instanter" they would have known that the hearing was to be held on that date, but that the use of the word "immediate" meant they woud be heard within a reasonable time. With this we do not agree.

■■ Appellants have cited *Hamilton v. People* (1911), 163 Ill.App. 541, and in so doing have answered their own contention. The court in that case stated, "In its general signification and meaning the word instanter means at once, or immediately * * *." (163 Ill.App. at 544.) With this we agree. We see no difference between the use of the word "immediate" and "instanter" as did the court in the case cited by the appellants. It is to be noted that the attorney for the claimants took no further action after he was notified of the hearing on the claims until approximately 9 months later when, on November 8, 1972, he moved to vacate the judgment entered dismissing the claims on February 15, 1972.

■■ Appellants further contend that one seeking to vacate a default

judgment need not show due diligence and a meritorious defense (claim), and cites *Knight v. Kenilworth Insurance Co.* (1971), 2 Ill. App.3d 493, 495, 275 N.E.2d 470, 472. Examination of that case does not substantiate appellants' contention. The holding in *Kenilworth* is that a motion to vacate a default judgment made within term time, or 30 days from the entry thereof, may be vacated without the showing of a meritorious defense and due diligence.

The judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.