THE VILLAGE OF MUNDELEIN, Plaintiff-Appellee, *v.* HARRY TURK, Defendant-Appellant.

(No. 73-197; ▌▌▌▌▌▌▌▌▌)

Second District (1st Division)—December 20, 1974.

Charles Ullrich, of Mundelein, for appellant.

Raymond Carlson, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein appeals from an order of the trial court denying his motion, made within 30 days, to vacate a default judgment.

The complaint herein charges the defendant with allowing occupancy of a building in the Village of Mundelein without first obtaining a cer-

tificate of compliance from the building inspector in violation of the ordinance of the Village of Mundelein. The complaint was set for hearing on Wednesday, January 3, 1973. At 2 o'clock in the afternoon of January 2 defendant's attorney called the attorney for the Village and requested that the matter be continued from January 3, as defendant's attorney had a criminal jury trial scheduled for that date. At 10 minutes to 5 the attorney for the Village called defendant's attorney, who had left for the day. The Village attorney advised the defendant's attorney's secretary that he would not continue the matter. The next morning defendant's attorney was advised of this and he immediately called the trial court about 10 o'clock in the morning. He was then advised that the Village attorney had entered a default judgment against his client. A motion was filed in the trial court to set aside the default, accompanied by an affidavit setting forth the above facts and alleging a good and meritorious defense and the exercise of due diligence, and was heard on January 19. The affidavit further stated the defendant did not allow occupancy of the premises as alleged in the complaint. The trial court denied the motion to set aside the default on the basis that the attorney for the defendant was not diligent. This appeal followed.

The precise question presented herein was ruled upon by this court in *Knight v. Kenilworth Insurance Co.* (1971), 2 Ill.App.3d 493, 275 N.E.2d 470. Unlike the instant case, however, the defendant in *Knight* did not appear or contact the attorney for the plaintiff. Default judgment was entered on January 19, 1971, and 3 days later defendant's attorney filed a motion to set aside the default, accompanied by an affidavit. In the instant case the attorney for the defendant did, in fact, contact the attorney for the Village, who refused to grant the continuance requested.

■■ We do not deem it necessary to cite in detail from the *Knight* case, except to state "* * * trial court should be liberal in setting aside default orders within term time when it appears that justice will be promoted." (2 Ill.App.3d 493, 495.) There appears to be considerable confusion about the setting aside of default orders within term time and motion to set aside a default order entered after term time. Under the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50(5)) it is no longer necessary, as we have previously stated, that a meritorious defense or due diligence be shown in order to effectuate the vacation of the default order. The test appears to be whether or not substantial justice will be served by the setting aside of the default when the motion therefor is made within term time. While it is true that a meritorious defense and due diligence are highly desirable as a part of the test, the real determination to be made is whether or not substantial justice will be done. The Supreme Court of Illinois recognized this in *People ex rel.*

*Reid v. Adkins* (1971), 48 Ill.2d 402, 406, 270 N.E.2d 841, where that court stated, in referring to the pertinent provision here involved of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(5)):

"Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits."

■■ In the case before us the affidavit, not denied by the Village, states that the defendant did not allow occupancy of the premises in violation of the Village ordinance. We fail to see how the Village as plaintiff would be prejudiced in any manner by a hearing upon the merits of the complaint herein. While it is true that under this statutory provision the vacation of a default judgment is within the sound discretion of the trial court, we believe that the trial court did, in fact, abuse that discretion under the factual situation herein presented to us. The order denying the vacation of the default judgment is, therefore, reversed and the matter is remanded for trial on the merits.

Reversed and remanded.

SEIDENFELD, P. J., and HALLETT, J., concur.