OSCAR PATRICK, Plaintiff-Appellant, *v.* BURGESS-NORTON MANUFACTURING COMPANY, Defendant-Appellee.

(No. 73-195; ■

Second District (2nd Division)—February 14, 1975.

*Rehearing denied March 25, 1975.*

T. MORAN, J., dissenting.

John G. Phillips, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Gates W. Clancy, of Geneva, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a final order denying plaintiff's petition to set aside a judgment entered by the Circuit Court of Kane County. Plaintiff's

counsel had failed to appear for trial because he was engaged in the trial of another cause in Cook County.

The lawsuit was filed in 1959. On March 15, 1963, it was dismissed for want of prosecution without notice to plaintiff. Plaintiff filed a new complaint within 1 year, and this complaint was dismissed. Plaintiff appealed, and on March 26, 1965, this court reversed and remanded with directions to reinstate the cause. The opinion of the court appears in abstract form in 56 Ill.App.2d 145. On July 29, 1965, the cause was reinstated in the circuit court. After completion of discovery, plaintiff appeared on December 26, 1972, and advised the court that he was ready for trial. The case was never pretried but was placed on the master trial calendar. On the 5th of February, 1973, there was a trial call, and an order was entered setting the case for trial on February 13, 1973, at 10 A.M. Plaintiff's case was Number 90 on a trial call of 91 cases. On February 9, plaintiff's counsel began trial of another matter in Chicago and remained on trial until February 17. On February 13 he was notified that this case was up for trial and the court would hold it for trial until 1:30 P.M. that day. At 1:25 P.M. plaintiff's attorney reached the trial judge and explained that he was the only attorney in the case and that he was engaged on trial. The trial judge insisted that the attorney either be there or engage someone else. At 1:30 P.M., the trial court proceeded to empanel a jury and to hear the matter ex parte. On a verdict for defendant, the judge entered judgment for defendant as of that afternoon.

On March 6, 1973, plaintiff's counsel prepared a verified petition to set aside the judgment. The petition set forth the above facts. A hearing was held on March 12, 1973, and the trial court denied the petition. This appeal is from that denial.

The sworn petition also recites the substance of a conversation had with defendant's attorney, Gates W. Clancy, prior to February 5, and an agreement in general not to seek an immediate trial date because of a problem of making service on a third-party defendant and Clancy's assertion of having approximately 13 other cases on the trial call ahead of the instant case. This conversation was not only never denied, but the defense attorney who appeared at the hearing stated that on February 1 or 2 Mr. Phillips "related to me that he had some kind of conversation with Mr. Clancy about continuing the trial." This attorney attended the trial call of February 5, and informed the court that Mr. Phillips would like the case continued. The court then set the trial for February 13. The defense attorney states that he called Mr. Phillip's office and left a message with a girl that the case was set for February 13. The verified petition denies any knowledge of this phone call and has also attached

two letters about the case, one dated February 5 and one dated February 6 from the office of Gates W. Clancy in which there was no mention of the Feb. 13 trial date.

It was further shown that plaintiff had not previously requested any continuances or postponements of the trial.

Did plaintiff's attorney have grounds for a reasonable belief that trial was not imminent and that he could prepare for the Cook County trial which commenced on February 9, and was the fact that he was on trial in Cook County good grounds for continuance? Plaintiff's attorney did not attend the trial call.

■■ It is apparent from the record that on the morning of the 5th, plaintiff's attorney knew that his case was Number 90 on a list of 91 cases and that defendant's attorney had about 13 cases on that trial call. In the usual course of events the case would not be reached. The record shows that on the 5th the assignment judge *with no advance notice* plucked the case from position 90 and set it down for February 13. A phone call was allegedly made and a message left that the case had been set for a day certain. This would not be the first time in Illinois where an attorney's secretary failed to communicate a message to her employer. (See *Becker v. Pescaglia*, 24 Ill.App.3d 410.) Plaintiff's attorney has stated on his oath that he did not receive any notice whatsoever until the morning of the 13th when he was engaged in trial. The defendant in the instant case presented no testimony and filed no counter-affidavits, and, accordingly, the statements of fact in the affidavit must be taken as true. *Lane v. Bohlig*, 349 Ill.App. 487.

Modern cases only require that a just result be achieved and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. *People ex rel. Reid v. Adkins*, 48 Ill.2d 402, 406; *Glenner v. Chicago Transit Authority*, 9 Ill.App.3d 323, 326; *Accurate Home Supply, Inc. v. Malpede*, 12 Ill.App.3d 749, 753; *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102, 108-9; *Village of Mundelein v. Turk*, 24 Ill.App.3d 223; *Smith v. National Drag Racing Enterprises, Inc.*, 24 Ill.App.3d 91.

The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. *Trojan v. Marquette National Bank*, 88 Ill.App.2d 428, 438; *Knight v. Kenilworth Insurance Co.*, 2 Ill.App.3d 493.

■■ Applying these principles to the facts of this case, we are of the opinion that allowing the plaintiff to have his day in court and to a trial on the merits of this case will not result in any prejudice to the defendant. It is the belief of this court that justice will be done by reversing the

judgment of the trial court and remanding with instructions to set aside the judgment and allow the plaintiff to go to trial on the merits.

Reversed and remanded with directions.

RECHENMACHER, P. J., concurs.

Mr. JUSTICE THOMAS J. MORAN, dissenting:

In December of 1959, plaintiff brought suit under the Structural Work Act. The case was dismissed for want of prosecution on March 15, 1963. A year later, March 16, 1964, plaintiff filed a new suit as provided under section 24 of "An Act in regard to limitations" (Ill. Rev. Stat. 1963, ch. 83, § 24(a)), and defendant moved to dismiss the action as being untimely filed. The motion to dismiss was allowed, and plaintiff appealed. This court reversed and remanded the case on the basis that plaintiff had instituted his new action on the last day allowed under the statute. The case was reinstated on July 20, 1965, and on January 12, 1967, plaintiff filed an amended complaint. It was not until December 20, 1972, that plaintiff's counsel requested defense counsel to appear before Judge Page and place the case on the master jury-trial calendar. Sometime prior to February 2, 1973, plaintiff received notice that on February 5, 1973, the cases on the master jury-trial calendar would be called and set for trial. (Plaintiff's case was the 90th on a call of 91.) After this notice, plaintiff's counsel (Phillips) saw defense counsel (Gates Clancy) in Chicago, where they discussed the trial call and defendant's problems in obtaining service upon the third-party defendant. At this meeting, Phillips states, he and Clancy agreed not to seek an immediate trial. On February 1 or 2, 1973, Phillips phoned Clancy's office and talked to an attorney. (Phillips claims that the attorney was one Mills; the report of proceedings identifies the attorney as Cunningham.) Upon learning that Cunningham intended to answer the trial call, Phillips informed him of the conversation with Clancy and requested Cunningham to seek a continuance of the case. Cunningham responded that he knew nothing about the conversation and that he doubted that the trial court would grant a continuance because of the age of the case. On February 5, 1973, Cunningham made Philips' request known to Judge Krause, who conducted the call; the continuance was denied and the matter set for jury trial on February 13, 1973, before Judge Petersen. That same afternoon, Cunningham asserted, he called Phillips and, not finding him in, gave Phillips' secretary a message which contained the name of the case and the date set for trial. The secretary stated she would relay the message.

Also on February 5, Mills, an attorney in Clancy's office, forwarded a letter to Phillips setting out the impracticalities of Phillips' suggestion to

Clancy during their Chicago conversation with respect to defendant's attempt to recover over against the third-party defendant. On that same date, Wendell Clancy sent plaintiff a motion to produce certain records at trial. Neither letter mentioned the trial date. On February 12, however, plaintiff sent defendant a motion to produce certain records at trial and a request for supplemental answers to interrogatories.

The majority opinion lends great weight to the facts that Phillips filed a verified petition and that defendant presented no counter-affidavits or testimony. On this basis, and relying upon a 1953 case, the opinion concludes, "accordingly the statements of fact in the affidavit must be taken as true."

Affidavits in support of a motion to vacate a judgment have not been necessary since the statute was amended in 1955. (*Glenner v. Chicago Transit Authority*, 9 Ill.App.3d 323, 325 (1972).) Additionally, the report of proceedings indicates that, at the hearing, statements were made by Cunningham which contradicted plaintiff's alleged lack of knowledge as to the trial date. It is apparent from the trial judge's remarks that he gave credence to Cunningham's statements, and the judge was not precluded from doing so by the fact that plaintiff's petition was verified. Noted also by the trial court was the fact that plaintiff, on February 12, sent a notice to defendant to produce certain records at trial.

The opinion states, "It is apparent from the record that on the morning of the 5th, plaintiff's attorney knew his case was Number 90 on a list of 91 cases and that defendant's attorney had about 13 cases on that trial call." It goes on to state, "In the usual course of events the case would not be reached." The purpose of the call of the master jury calendar is not to try the cases at that time, but to determine the status of the cases on the call awaiting trial. The procedure is for the court to inquire as to the status of *each* case on the call. By so doing, the court is able to establish a jury-trial calendar of cases to be tried on dates certain coinciding with the time when jurors will be present. I find no basis in the record for the statement that in the usual course of events the case would not be reached on February 5. All cases on the master calendar call would be reached, not for trial, but for the setting of a day certain for trial, without further notice.

The opinion further states that on February 5 "the assignment judge [Krause] *with no advance notice* plucked the case from position 90 and set it down for February 13." The italicized portion of the statement implies that an additional notice to that already given is necessary before a judge can set any of the cases on the call for a day certain. Only one notice is necessary, and even Phillips acknowledges receiving notice of the February 5 call. He discussed it with Gates Clancy and had Cunning-

ham request a continuance of the case. The remaining portion of the statement leaves the impression that plaintiff's case was arbitrarily taken out of sequence. There is nothing in the record to indicate that the usual procedure was not followed at the call of the master calendar.

Plaintiff seeks to place the cause of his problem at the doorstep of defense counsel. In point of fact, defense counsel twice appeared in court on plaintiff's behalf (the last being to answer the trial call and to relay plaintiff's request for postponement) and then left plaintiff a telephone message as to the trial date. Plaintiff stresses that neither of the two letters received (from Mills on the 5th and Wendell Clancy on the 6th) referred to the trial date. The trial judge took this into consideration together with Cunningham's statements regarding the already-telephoned message. In light of that message, it would have been unnecessary for defendant's correspondence to repeat the trial date. Even to assume, contrary to the trial court's determination, that the telephone message was never received, it is a crucial fact that plaintiff never inquired as to the outcome of the February 5 proceedings after having requested defense counsel to continue the cause. A telephone call to the clerk's office would have disclosed all pertinent information. It was plaintiff's duty to follow his case. *Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, 468-69 (1968).

The majority concludes that justice will be served by allowing a trial on the merits and that the trial "will not result in any hardship to the defendant." Over 15 years have passed since plaintiff's cause of action accrued, and it seems unrealistic to conclude, without supporting facts, that defendant will not now be prejudiced.

I would affirm.