GLORIA F. HOFFMAN, Plaintiff-Appellee, v. CALVIN R. HOFFMAN, Defendant-Appellant.

Second District (2nd Division)   No. 75-113

Opinion filed April 15, 1976.

416

Shearer, O'Brien, Blood, Agrella & Boose, of St. Charles, for appellant.

David P. Peskind and Gail L. Erschen, both of Tyler, Peskind & Solomon, of Aurora, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

Plaintiff filed a petition to modify a decree in order to increase child support. The notice of hearing stated that the cause was set for December 6, 1974. Upon arrival in court that day defendant and his attorney found that court was not in session and that a new date would be set. A week later defendant's attorney was informed orally by plaintiff's attorney that the hearing was to be held that afternoon. Defendant's attorney then tried to reach defendant but was unable as defendant was on a construction job and could not be reached. Defendant's attorney then called the judge's clerk twice with the message that defendant could not be found. He also notified opposing counsel of the fact. An ex parte hearing was held in defendant's absence and the circuit court of Kane County increased

support payments from $27.50 per week to $60 per week. A motion to vacate the judgment of December 13 was filed December 30, 1974, and after a hearing on January 17, 1975, the motion to vacate was denied. Defendant has taken this appeal.

The discretion of a trial court to set aside a judgment on a petition filed within 30 days after entry of judgment (under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5) is to be liberally exercised in order to promote justice. (*Keafer v. McClelland*, 23 Ill. App. 3d 1035, 1036-37; *Accurate Home Supply, Inc. v. Malpede*, 12 Ill. App. 3d 749, 754; *Knight v. Kenilworth Insurance Co.*, 2 Ill. App. 3d 493, 495.) There is no longer a requirement that a meritorious defense or due diligence in asserting the defense be shown, but these are factors in determining whether the judgment should or should not be vacated in order to do substantial justice. (*Village of Mundelein v. Turk*, 24 Ill. App. 3d 223, 224; *Becker v. Pescaglia*, 24 Ill. App. 3d 410, 411.) In determining whether justice is being done it is unnecessary for the reviewing court to determine, as a matter of law, that the trial court exceeded or abused its discretion, but only resolve the question of whether justice has been served. (*Engelke v. Moutell*, 20 Ill. App. 3d 253, 256.) The overriding consideration is whether or not substantial justice is being done under the circumstances of the particular case and whether it is reasonable to compel the other party to try the case on its merits. *People ex rel. Reid v. Adkins*, 48 Ill. 2d 402, 406; *Zabel v. Koran*, 27 Ill. App. 3d 579.

Under the total circumstances disclosed by this record we must conclude that in order to see that substantial justice is done, it is necessary to vacate the judgment and give the defendant his day in court.

The judgment below is therefore vacated and the cause remanded to the trial court with directions to proceed in a manner consistent with this opinion.

Judgment vacated and cause remanded.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.