NORMAN LETTVIN et al., Plaintiffs-Appellees, v. MORRIS SUSON et al., Defendants-Appellants.

First District (4th Division)   No. 76-598

Opinion filed June 29, 1978.

Arvey, Hodes, Costello & Burman, of Chicago, for appellants.

George H. Gerstman, of Pigott & Gerstman, of Chicago, for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This was an action brought by a firm of attorneys to collect a balance claimed due as attorneys' fees. A default judgment was entered against the defendants, and a subsequent motion to vacate that judgment was denied by the trial court. Defendants appeal from that judgment.

We reverse.

The complaint filed in this action alleged that the defendants had retained the plaintiff law firm to represent them in a matter before the United States District Court for the Northern District of Illinois, and that defendants had refused to pay the balance owed plaintiffs for services rendered on their behalf.

The defendants, in their answer to the complaint, *inter alia,* specifically denied any indebtedness to the plaintiffs. From the record, it then appears that at the time the matter was set for trial, defendants did not answer the call. A jury was empanelled, evidence was introduced, and the judgment appealed from herein was entered in the amount of $4447.60, plus costs and interest. The defendants were not present and did not participate in the proceedings. Within 30 days of its entry, the defendants filed a motion to vacate the judgment entered therein and by affidavit swore that no sums were due plaintiffs, and that at the time set for trial defendants' attorney was engaged in another trial in Florida, and that the information concerning the whereabouts of the defendants' counsel was given to the trial court. No counteraffidavits were filed by the plaintiffs. The motion was denied.

The Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)) provides as follows:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

Thus, the sole issue before us is whether the trial court's failure to set aside the default judgment was a denial of the defendants' right to substantial justice.

Illinois courts have historically been liberal in setting aside default judgments where it appears that justice would be better served by allowing the matters to be tried on their merits. (*Mason v. McNamara* (1870), 57 Ill. 274, 277; *Belline v. Italia* (1971), 133 Ill. App. 2d 400, 401, 273 N.E.2d 413, 414.) In *Hoffman v. Hoffman* (1976), 37 Ill. App. 3d 415, 346 N.E.2d 114, the court said:

> "The discretion of a trial court to set aside a judgment on a petition filed within 30 days after entry of judgment (under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par.

50(5) is to be liberally exercised in order to promote justice." *Hoffman*, 37 Ill. App. 3d 415, 417.

Prior to its decision in *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799, the courts generally required that motions made under section 50(5) establish a good and meritorious defense supported by affidavit. However, in *Widicus*, the court further liberalized its position with respect to vacating default judgments and said:

"[W]e do not believe that a court now must categorically determine that a meritorious defense or a reasonable excuse be proven to justify setting aside a default. We believe that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice." (*Widicus*, 26 Ill. App. 2d 102, 108.)

The court went on to say:

"The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits." *Widicus*, 26 Ill. App. 2d 102, 108-09.

■■ The overriding concern for the reviewing court is to insure that substantial justice is being done under the circumstances of the particular case and to determine the reasonableness of compelling the other party to try the case on its merits. In determining whether justice is being done, it is unnecessary for the reviewing court to determine as a matter of law whether the trial court exceeded or abused its discretion, but only resolve the question of whether justice has been served. *Hoffman v. Hoffman* (1976), 37 Ill. App. 3d 415, 417, 346 N.E.2d 114, 115.

The court in *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799, took note of the fact that entry of default judgments is one of the most drastic actions available to the court and, thus, urged restrictions of its use. The court said:

"[A] default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits." *Widicus*, 26 Ill. App. 2d 102, 109.

Plaintiffs argue in their brief that appellants have forfeited their right to a vacation of the judgment because of "lack of diligence." The brief recites several exchanges between counsel during telephone conversations and meetings to indicate the defendants' "lack of diligence" as would justify the trial court's entry of a default judgment. These allegations are not a part of the court record and are explicitly denied by the appellants. Thus, the allegations are not pertinent for purposes of

review and, if anything, reinforce our holding that the matter should proceed to a trial on the merits.

■■ In determining the propriety of vacating a default judgment, the court can consider whether defendant's delays jeopardize the plaintiff's position or impose hardship upon plaintiff. However, the court's overriding concern is to insure the furtherance of substantial justice. Substantial justice is not furthered if the defendant never gets his day in court. Plaintiffs here do not show that any hardship would be placed upon them or that their position would be jeopardized by a trial on the merits as the standard was set forth in *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799. In *Adams v. Grace* (1970), 128 Ill. App. 2d 69, 80-81, 262 N.E.2d 489, 495, the court stated:

"[W]e are mindful * * * that a default judgment resulting from the negligence of an attorney, even though imputed to his client [citation] often visits drastic and vicarious punishment on an unsuspecting litigant. * * * And while inadvertent or negligent conduct which is imputed to the litigant is not an excuse to vacate a judgment, neither should it necessarily bar such relief."

In *Lynch v. Illinois Hospital Service, Inc.* (1963), 38 Ill. App. 2d 470, 187 N.E.2d 330, the court reversed the denial of a motion to vacate a default judgment where it was shown that no hardship would inure to the plaintiff were the matter to be tried on its merits.

As was noted in *Lynch,* we also see no need to find an abuse of discretion by the trial court; we merely believe that justice will be better served in the instant case by reversing the order of the trial court and permitting the defendants to have their day in court.

For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for trial on the merits. The trial court may impose any terms and conditions that shall be reasonable in accordance with section 50(5) of the Civil Practice Act. Ill. Rev. Stat. 1973, ch. 110, par. 50(5); *Williams v. Butler* (1970), 124 Ill. App. 2d 158, 260 N.E.2d 320.

Reversed and remanded.

LINN and ROMITI, JJ., concur.