GEORGIA SATCHER, Plaintiff-Appellee, *v.* INLAND REAL ESTATE COR-PORATION, Defendant-Appellant.

Third District   No. 82—671

Opinion filed July 18, 1983.

HEIPLE, J., dissenting.

Richard W. Christoff, of Sanford Kahn, Ltd., of Chicago, for appellant.

No brief filed for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Georgia Satcher, brought this small claims action in the Will County Circuit Court against the defendant, Inland Real Estate Corporation, seeking to recover $2,000 plus costs in damages for the defendant's alleged negligence in maintaining and controlling the plaintiff's apartment. According to the complaint and plaintiff's affidavit, the defendant owned the apartment building where plaintiff lived. Plaintiff returned from a vacation in November of 1981 to discover that her apartment had been broken into and $2,000 worth of items were missing. Plaintiff's complaint was filed on June 14, 1982. It was served on defendant's agent in Oak Brook, Du Page County, on July 2. The cause was set for hearing five days later, on July 7.

The defendant failed to appear, and an order of default was entered. On July 21, proof of plaintiff's damages was heard and judgment of default was entered in the amount of $2,000 plus costs. The record does not indicate that notice of the hearing on damages was sent to the defendant. On August 6, 1982, defendant moved to vacate the default judgment and alleged:

"1. Plaintiff will not be prejudiced by the granting of [the] motion;

2. Defendant has a meritorious defense to Plaintiff's claim; [and]

3. Upon receipt of summons, Defendant *** forwarded the court papers to its [insurer]. The [insurer] denied coverage, and therefore, did not provide defense for [the] action, resulting in the default."

On September 8, 1982, the date set for a hearing on the motion, the plaintiff filed an "answer," denying each of the allegations. The "answer" stated, *inter alia*, that on June 28, 1982, the defendant's insurer informed the defendant's agent that the insurance policy did not cover incidents of the type alleged in plaintiff's complaint. After entertaining arguments of counsel for both sides, the court denied the motion to vacate and entered its findings as follows:

"The court finds that Defendant did not set forth a meritorious defense in its Petition, and based upon Paragraph 3 of Plaintiff's answer finds that Plaintiff's [*sic*] allegations in its motion regarding denial of insurance coverage were not meritorious and the court denies the motion to vacate the judgment."

Defendant appeals, raising for our consideration a single issue—whether the trial court committed reversible error by applying an erroneous standard in ruling on the motion to vacate. Our review of applicable case law persuades us that the trial court erred in denying defendant's motion.

The seminal case in recent decisions interpreting section 2—1301(e) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e)) is *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799. There the court stated:

> "*The question* of whether or not a court should set aside a default *should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out,* insofar as it is possible, *the determination of matters upon their merits.* In resolving this problem, a court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factors. It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.
>
> The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, *a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits.*" (Emphasis added.) 26 Ill. App. 2d 102, 108-09, 167 N.E.2d 799, 803.

The real question on appeal is no longer whether the trial court abused its discretion in ruling on the motion to vacate, but whether its ruling serves the ends of justice. *Lettvin v. Suson* (1978), 62 Ill. App. 3d 215, 379 N.E.2d 49.

The record on appeal consists of the common law record, without transcripts of hearings. Our review of the trial court's order convinces us that the court erroneously accorded too much weight to its finding that the Du Page County defendant's asserted excuse for failing to

appear was not justified. This factor alone does not dictate denial of the motion to vacate. Furthermore, while obviously it would have been preferable to us, for purposes of review, had the defendant set forth a basis for its bare allegation of a meritorious defense, we do not believe that the motion is fatally defective in its failure to do so. Whether a meritorious defense existed or not was a proper subject of inquiry at the hearing on defendant's motion. Of far lesser import was the question of whether or not the form of defendant's motion was technically complete. (See *Knight v. Kenilworth Insurance Co.* (1971), 2 Ill. App. 3d 493, 275 N.E.2d 470 (defendant's motion to vacate default judgment alleged a meritorious defense and appellate court, without addressing such defense, determined justice would be served by allowing defendant his day in court).) But, most importantly, it appears on the face of the trial court's order that the court did not find that allowing the motion would work any injustice on this plaintiff.

Hardship or prejudice to the plaintiff, if any could be found, would weigh in favor of affirming the trial court's denial of the motion to vacate on grounds that substantial justice had been served. (*Widicus*.) The record indicates that the plaintiff appeared, at most, only three times by her attorney prior to the filing of defendant's motion to vacate. There is no indication that the plaintiff herself ever made an appearance. Although plaintiff in her "answer" generally denied that she would not be prejudiced by an allowance of the motion, the record before us is devoid of any facts whatsoever that could support a finding of prejudice to her.

In our opinion, substantial justice requires that the defendant be afforded an opportunity to be heard on the merits in this case.

For the reasons stated, we reverse the judgment of the circuit court, direct that the default judgment against the defendant be vacated and remand this cause for further proceedings.

Reversed and remanded with directions.

ALLOY, J., concurs.

JUSTICE HEIPLE, dissenting:
This case is simple and straightforward. Plaintiff obtained a default judgment. Defendant moved to vacate. Defendant's motion was answered and denied by plaintiff. A hearing was held on the motion to vacate and it was denied. Defendant appeals.

The majority opinion here, with no basis in the record, holds that

the default judgment should be vacated and the cause remanded for a hearing on the merits. Why? Because, it is said that "substantial justice" requires it.

What, it may be asked, is the meaning of this phrase, "substantial justice"? The majority opinion does not define it. Neither is it defined in the opinions cited therein. In truth, it means nothing or it means anything. It means whatever the user wishes it to mean according to the situation. It is, at once, a euphemism, a sophism and a soporific. That is to say, it is a high sounding phrase which, though saying nothing, appears to support a particular position and, at the same time serves to dull the awareness of the reader. If the courts were to fully embrace this phrase in all its implications, it could be used to encompass and supplant the entire body of jurisprudence. Much tedious reading and research among reported decisions could be avoided. All cases could be affirmed or reversed according to the requirements of "substantial justice."

As regards the setting aside of a default judgment, I am well aware that *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, was the first appellate case in Illinois to embrace the use of the phrase "substantial justice" in derogation of the former tests of meritorious defense and due diligence. I am also aware that this case was cited with approval by our supreme court in *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402.

The fact remains, however, that the bare phrase "substantial justice" offers no guidance to lawyers, litigants or courts. The instant case is a good illustration of its pernicious use.

The trial court, upon a full hearing of the motion to vacate and the answer thereto, found that the defendant did not set forth a meritorious defense. The court further found that defendant's recital concerning sending the court papers to his insurance carrier was not meritorious. Plaintiff's answer set forth that defendant knew that the insurance company named in his motion did not insure the subject claim and that this was known by defendant even before defendant was served with summons. Accordingly, the trial court denied defendant's motion to vacate the default judgment. Yet, the majority of this court, on review, chooses to reverse the trial court for reasons of "substantial justice."

It may be fairly asked, if a defendant fails to demonstrate a meritorious defense and if, as in this case, the trial court finds his motion to vacate to be pure baloney, how, by any stretch of the imagination, is substantial justice being done to anyone by opening up this default judgment? The answer is, it is not.

If we are to govern by the rule of law and not by the rule of men, it is essential that we not employ glib and meaningless phrases to decide cases. If the phrase "substantial justice" is to be used, its hollow body must be given flesh and bones. A definition that would include meritorious defense and due diligence would go a long way in that direction.

For the reasons stated, I dissent.