HARRIS TRUST AND SAVINGS BANK, as Trustee, *et al.*, Plaintiffs-Appellants, v. ILLINOIS FAIR PLAN ASSOCIATION, Defendant-Appellee.
First District (1st Division)  No. 1—88—3267

Opinion filed February 20, 1990.

---

*Justice Quinlan participated in this opinion prior to his resignation from the court. Justice Rakowski participated in the rehearing and the modified opinion in place of Justice Quinlan.

Jack F. Kocur, of LaGrange Park, appellant *pro se.*

Bixby, Lechner, Yamaguchi & Potratz, P.C., of Chicago (David C. Lechner, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from the denial of a motion to vacate an order dismissing this case with prejudice. The issues raised are: (1) whether the trial court erred in denying plaintiff's motion to vacate the dismissal order, and (2) whether plaintiff is entitled to relief pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). We affirm.

Plaintiff, Jack F. Kocur, was the owner of an apartment building insured for fire loss by defendant, Illinois Fair Plan Association (IFPA). The building was damaged by three fires, all occurring in March 1977. Plaintiff filed a complaint against IFPA on September 13, 1977, which was dismissed for want of prosecution on October 4, 1982. Plaintiff filed a second complaint on September 30, 1983. In its answer, IFPA denied that the policy was in full force and effect and further stated that plaintiff was in violation of certain conditions of the policy pertaining to the use, condition and occupancy of the building. Defendant also stated that an agreement had been entered into on May 8, 1978, between plaintiff's adjuster and defendant to settle plaintiff's claims resulting from the 1977 fires.

On August 12, 1988, the case was dismissed with prejudice based on the plaintiff's attorney having allegedly accepted defendant's offer of $47,000. After the dismissal order was entered, plaintiff signed a release and defendant signed a release of its counterclaim against plaintiff. Plaintiff, now appealing *pro se,* disputes that a settlement was reached and contends that he signed the settlement and release on August 22, 1988, only as a result of coercion by his attorney.

Subsequent to the entry of the dismissal order, Mr. Mitchell Zadrozny made a claim to be added as a payee on the settlement draft, based on a junior mortgage on the subject property.

On September 9, 1988, through his then counsel, plaintiff filed a motion requesting the trial court to enforce the settlement but determine that the lien claimant had no right to the settlement proceeds. Paragraphs 3 and 4 of plaintiff's motion stated that the case had been settled for $47,000.

The motions concerning the appropriate payees on the draft were initially heard on September 22, 1988, and continued to October 5, 1988. On September 29, 1988, plaintiff filed a *pro se* motion to vacate

the settlement. A notice of motion was served on counsel for IFPA indicating only that plaintiff was requesting the court to dismiss his counsel from the case. No notice was sent to IFPA.

At the October 5 hearing, IFPA through its counsel objected to Kocur's motion as being untimely as it was filed more than 30 days from the date of the dismissal order. IFPA, through its counsel, was represented at that hearing only on the issue of who should be on the settlement draft. Plaintiff's September 9 motion, requesting that the settlement draft not include Mr. Zadrozny as a payee, was granted. Plaintiff now brings this appeal.

Plaintiff contends that the August 12, 1988, order of dismissal should be vacated as he had not authorized the alleged settlement agreement and had signed the settlement and release only under coercion and duress. He further contends that his September 9, 1988, motion seeking to enforce the settlement agreement or, in the alternative, vacate the agreement and set the matter for trial was a timely appeal from the dismissal order. Plaintiff relies on *Glenner v. Chicago Transit Authority* (1972), 9 Ill. App. 3d 323, 292 N.E.2d 217, and *McMillin v. Economics Laboratory, Inc.* (1984), 127 Ill. App. 3d 517, 468 N.E.2d 982.

■ Pursuant to section 2—1203 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203), a trial court is without jurisdiction to hear a motion to vacate a final dismissal order filed more than 30 days after the order has been entered. After the 30-day period has passed, relief is available only through compliance with section 2—1401(a) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(a)). *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220, 499 N.E.2d 1381.

The only motion filed within 30 days of the dismissal order was the September 9, 1988, motion requesting the court to enforce the settlement and determine that Mitchell Zadrozny had no right to the settlement proceeds. While the motion requested in the alternative that the settlement be vacated and the matter set for trial, the motion acknowledged the settlement in the amount of $47,000 and addressed only the matter of whether Mr. Zadrozny or Chicago Title and Trust should be issued checks out of the settlement. That motion did not seek to set aside the dismissal on the basis that the plaintiff had not agreed to the settlement or that the settlement had been coerced. Moreover, plaintiff was essentially granted the relief he requested.

■ The motion seeking to set aside the settlement on the basis of coercion was not filed until September 29, 1988, more than 30 days after the entry of the dismissal order, and therefore, not in compli-

ance with section 2—1203 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203). Thus the trial court lacked jurisdiction to consider the untimely motion. The question remains whether plaintiff was nonetheless entitled to relief pursuant to section 2—1401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401).

Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) provides a procedure for vacating final orders, judgments and decrees after the initial 30-day appeal period has passed. A petition brought under section 2—1401 is subject to the following requirements:

"(b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule." Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b).

The rule referred to above is Supreme Court Rule 106 (87 Ill. 2d R. 106), which provides:

"Notice of the filing of a petition under section 2—1401 of the Code of Civil Procedure for relief from a final judgment after 30 days from the entry thereof shall be given by the same methods provided in Rule 105 for the giving of notice of additional relief to parties in default."

Supreme Court Rule 105, in turn, provides that notice shall be directed to the party, and must be served either by summons, by prepaid certified or registered mail, or by publication. 87 Ill. 2d R. 105.

█ In order to gain relief under section 2—1401, the petitioner must set forth specific factual allegations satisfying each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition for relief. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381.) Whether to grant or deny a section 2—1401 petition is within the sound discretion of the trial court, and this court may not disturb the judgment of the trial court absent an abuse of that discretion. *Airoom,* 114 Ill. 2d at 221.

█ In the present case, plaintiff has failed to comply with both the procedural and substantive requirements of section 2—1401. First, plaintiff did not comply with the notice requirements of Supreme Court Rules 105 and 106 in that no notice was given to IFPA. Although notice was given to IFPA's counsel, notice only to counsel for the opposing party is insufficient to satisfy the requirements of sec-

tion 2—1401. *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 240, 454 N.E.2d 806.

Plaintiff's notice of motion also was insufficient in that it failed to inform defendant that plaintiff intended to raise the issue of the alleged coercion of his attorney at the October 5, 1988, hearing. A notice of motion must specifically inform the opposing party as to the matters the movant intends to address, and the trial court lacks jurisdiction to consider matters not requested in the notice of motion. (*Vortanz v. Elmhurst Memorial Hospital* (1989), 179 Ill. App. 3d 584, 590, 534 N.E.2d 625.) Plaintiff's notice of motion filed on September 29, 1988, stated only that he was seeking to dismiss his attorney from the case and, thus, was insufficient to confer jurisdiction on the trial court below.

■ Plaintiff's petition also fails to satisfy the substantive requirements of section 2—1401. Although the delay in raising the alleged coercion was somewhat less than two months, plaintiff's motion does not allege due diligence in bringing the matter to the trial court's attention. Moreover, plaintiff concedes that as of August 12 or 15, he was aware of the settlement, although he claims not to have authorized it. Plaintiff thus knew of his defense within three days of the dismissal order but waited until September 29 to bring the matter to the trial court's attention.

■ Plaintiff does make the argument that the dismissal of the August 12, 1988, order should be vacated based on a mistake of fact, as he was misinformed by his attorney and subsequently coerced into signing the settlement agreement. However, he cites no authority to support his contention that the alleged coercion by his attorney is sufficient to require relief under section 2—1401. A similar argument was raised in *Dassion v. Homan* (1987), 161 Ill. App. 3d 141, 514 N.E.2d 41, in which the plaintiffs sought relief under section 2—1401 based on allegations that their attorney had made fraudulent representations which led them to consent to the dismissal of their lawsuit. The court rejected that argument, stating that section 2—1401 cannot be used to relieve parties from the consequences of their own mistakes or their attorney's deception. *Dassion*, 161 Ill. App. 3d at 145.

Both *Glenner v. Chicago Transit Authority* (1972), 9 Ill. App. 3d 323, 292 N.E.2d 217, and *McMillin v. Economics Laboratory, Inc.* (1984), 127 Ill. App. 3d 517, 468 N.E.2d 982, relied upon by plaintiff, are distinguishable. In *Glenner*, the court held that the trial court had abused its discretion by refusing to vacate a dismissal order where the plaintiff contended that the trial court itself had coerced him into accepting a settlement agreement. *Glenner*, 9 Ill. App. 3d at 326.

Similarly, in *McMillin*, this court affirmed an order vacating an order of dismissal where it was shown that neither plaintiffs nor their attorney had agreed to a settlement and the motion to vacate was timely. (*McMillin*, 127 Ill. App. 3d at 526-27.) Neither case involved motions filed more than 30 days after the initial order had been entered and thus neither is dispositive here.

■■ One final matter remains to be addressed, Plaintiff has argued that the defendant would not be prejudiced by vacating the dismissal order and conducting an evidentiary hearing, a contention which is not supported by the record. As defendant points out, the fires which led to the initial complaint occurred in March 1977. Although the original suit was filed within one year, as required by the provisions of the insurance policy, it was dismissed for want of prosecution on October 4, 1982. The case was refiled on September 30, 1983, and was assigned for trial on August 11, 1988. Defendant has twice been required to make substantial preparations for settlement or trial, and we agree that to now require defense witnesses to testify to conditions of plaintiff's building and plaintiff's lack of maintenance, based on observations made almost 14 years ago, would unfairly prejudice defendant.

Accordingly, the order of the trial court denying plaintiff's motion to vacate the dismissal of this case with prejudice is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.