VINCENT DOSS, Plaintiff-Appellee, v. FIELD ENTERPRISES, INC., Defendant-Appellant.

(No. 58481;

First District (3rd Division)—November 8, 1973.

A. Daniel Feldman, Richard J. Phelan, and Michael A. Pope, of Isham, Lincoln & Beale, of Chicago, for appellant.

Dick H. Mudge, Jr., of Edwardsville, and William R. Jordan, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Field Enterprises, Inc., appeals from a default judgment entered in the circuit court of Cook County in favor of plaintiff, Vincent Doss. The trial court entered an order of default against defendant; a jury subsequently assessed damages in favor of plaintiff for $15,100; and the trial court entered judgment on the verdict. Defendant's primary contention on appeal is that the court abused its discretion in entering the order of default and in refusing to vacate it. Defendant also argues that the complaint was insufficient at law, and that the jury was instructed incorrectly at the prove-up hearing on damages.

On September 15, 1969, plaintiff brought a libel action against defendant regarding an article which appeared in the Chicago Sun-Times, a newspaper published by defendant. The article had appeared in the newspaper on November 9, 1968. The complaint was filed in the circuit court of Madison County, and service of summons was had on defendant in Cook County. Section 7 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 7) provides that a libel action must be commenced in the county in which defendant resides or has its principal office. Defendant filed a special and limited appearance and motion to transfer from Madison County to Cook County. On January 27, 1970, the cause was transferred to the circuit court of Cook County. On February 13, 1970, plaintiff paid the transfer fees required by Section 11 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 11). Defendant was not notified that the fees had been paid. However the Clerk of the Circuit Court of Cook County notified plaintiff's attorney that the suit was pending in Cook County, and plaintiff's attorney mailed a copy of that letter to defendant's attorneys.

On April 27, 1971, the matter appeared on the trial judge's "No Progress Call," and was continued one week. From the time of the transfer to

Cook County in January, 1970, defendant had not filed any further appearance or pleading. On May 4, 1971, when no one appeared on behalf of defendant, the trial judge directed plaintiff's attorney to prepare an order of default against defendant. Before plaintiff's counsel had prepared that order, defendant's counsel appeared in court and asked leave to file a motion to dismiss the complaint. The court informed defense counsel of the contemplated default, and counsel offered to file a general appearance. The court stated that before it would permit defendant to file an appearance, a written motion to vacate the default would be necessary. Over defendant's objection, the court then entered the order of default and set a date for prove-up of damages. Conditioned upon the payment of the required fee, the court also gave plaintiff leave to file a jury demand.

On May 14, 1971, defendant filed a motion, supported by affidavit, to vacate the default. The affidavit recited that neither defendant nor its attorneys had received notice that the transfer fees to Cook County had been paid. The court denied the motion to vacate the default. On May 24 defendant filed a second motion to vacate the default. This second motion was accompanied by a memorandum of law discussing the need of notice and the inadequacy of the complaint. The trial court again denied the motion to vacate the order of default. On June 3 the trial judge denied a third motion to vacate the default order and convened a jury to fix damages.

Defendant was represented by counsel at the hearing on damages. However, the court instructed the jury that the article was libelous, and that the only issue which the jury could determine was the measure of damages. The jury set damages at $15,100, and the court entered judgment on the verdict. The trial court subsequently denied defendant's post-trial motion.

■■ The necessity of prompt appearance at all hearings and at trial in order to assure expeditious disposition of cases must be balanced by the demands of justice and fairness, a process which requires an analysis of the facts in each case. (*Dann v. Gumbiner* (1961), 29 Ill.App.2d 374, 173 N.E.2d 525.) In *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill.App.2d 102, 167 N.E.2d 739, this court stated at p. 109:

"The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

■■■ We hold that the trial judge abused his discretion in the entry of the order of default and in his refusal to vacate that order. Prior to the entry of the order, defense counsel was present in court seeking to file a general appearance in the matter. Plaintiff had not demonstrated that he had been injured or prejudiced in any manner by defendant's failure to plead; indeed it should be noted that plaintiff's counsel did not request the default. Under the circumstances, the order of default should not have been entered. Moreover, even if the entry of the default order could be upheld on the basis of defendant's negligence, the trial court's refusal to vacate the order constituted an abuse of discretion. Defendant should have filed a general appearance and pleading during the 16 month period after the transfer of the cause to Cook County. Defendant knew that the matter was pending in Cook County, and we are unaware of any requirement that defendant had to be informed that plaintiff paid the required court costs. Yet, in *Widicus,* at p. 108, the court suggested the governing standard in such circumstances:

"In view of the fact that the statute [§ 50(5)], as it now stands, does not contain the requirement that good and sufficient cause appear, we do not believe that a court now must categorically determine that a meritorious defense or a reasonable excuse be proven to justify setting aside a default. We believe that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice. * * * The spirit of the Practice Act is that controversies be speedily determined according to the substantive rights of the parties."

The trial court erred in refusing to vacate the default order.

In view of our holding, it is unnecessary to consider defendant's contention that the jury was improperly instructed. We also decline to consider defendant's argument that the complaint is insufficient as a matter of law.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Judgment reversed and remanded.

DEMPSEY, P. J., and McGLOON, J., concur.