WILBERT ENGELKE et al., Plaintiffs-Appellees, v. CHARLES MOUTELL et al., Defendants-Appellants.

(No. 73-419;

Fifth District—June 28, 1974.

Thomas Gumbel, of Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis, for appellants.

Dailey and Walker, of Granite City, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendants brought this appeal from an order of the Circuit Court of Madison County denying defendants' motion to vacate a default judgment granting injunctive and money damage relief. The defendants' motion was filed within 30 days after the entry of the default judgment.

Plaintiffs' complaint was filed October 4, 1968. It set forth facts that plaintiffs and defendants were owners of adjoining tracts of land located in Madison County and that defendants had installed a culvert under the township road lying between plaintiffs' and defendants' properties causing surface water to be diverted onto plaintiffs' property and to change the natural flow of the water from what it had been for many years prior thereto. On November 7, 1968, defendants through their attorneys moved to dismiss the case on the grounds that it failed to describe the course of natural drainage. This motion was denied on November 21, 1968, and the defendants were granted leave to file an answer or counterclaim within 15 days.

The case was placed on the non-jury docket call for July 17, 1969, but was continued to the September setting. It was not heard at the September setting and no further action was taken until the case was again placed on the docket call on January 26, 1973, when plaintiffs' counsel announced ready for trial and the case was assigned to Judge Merlin Hiscott. Defendants' attorneys were notified of this assignment.

On May 10, 1973, when the case was again placed on the non-jury docket call, the attorney representing the defendants moved to withdraw as attorney for the defendants. The motion was granted and the clerk was

ordered to notify defendants that they were without counsel and were allowed 30 days to procure counsel. The defendants were not notified prior to the above notice that any action was being taken in the case or that their attorney was withdrawing. On or about June 1, 1973, defendant Charles Moutell received a notice from the clerk of the circuit court that his attorney had withdrawn, as the court had allowed his motion to withdraw, and he was grante i 30 days to procure new counsel. The other defendant, Arthur Miller, received no such notice at any time.

On July 18, 1973, the defendants' attorney filed a written motion to withdraw as attorney for the defendants, apparently to conform to the oral motion previously made. Without any motion filed by the plaintiffs or any appearance by plaintiffs' attorneys or any notice to the defendants and the case not having been set for trial, the court on its own motion on July 18, 1973, found defendants in default for not having filed an answer or other adverse pleading. The court further ordered the Clerk to set the matter for default hearing and to notify the attorneys for the plaintiffs and each of the defendants. The court order of July 18, 1973, reads as follows:

> "And now on this date, July 18, 1973, Motion to Dismiss, which is really a motion to withdraw, is moot. Same motion was allowed May 10, 1973. The Court finds the defendants in default, having never filed an answer or other adverse pleading. Clerk to set for default hearing and notify Maurice Dailey. Charles E. Moutell and Arthur Miller.
>
> /s/ *Merlin G. Hiscott*
> Judge"

Notwithstanding this order to give notice, the court held a default hearing on the following day, July 19, 1973, without proper notice to the defendants after which he found in favor of the plaintiffs and entered judgment in accordance with a prayer for relief in the complaint. There was no notice that the case was about to be set for trial or that the defendants were in default by reason of their attorney's failure to file an answer. Defendant Miller never did receive notice of any type from the court, but he did receive notice of an entry or default from the office of the Clerk on or about July 31, 1973.

On July 24 the defendants were able to obtain counsel and a motion to vacate the default judgment was filed on August 3. This motion was heard on August 6, 1973, and denied by the trial court. The defendants' motion to vacate included verified statements by the defendants and also set forth that they had a meritorious defense to the lawsuit. The defense was outlined to the court at the hearing on the motion.

Section 50(5) of the Civil Practice Act is applicable to this motion and order. That section provides:

"The court may in its discretion before final order, judgment or decree set aside any default, and may upon motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1973, ch. 110, sec. 50(5).

■■ Since the leading case of *Widicus v. Southwestern Cooperative, Inc.,* 26 Ill.App.2d 102, it has not been necessary that the Appellate Court determine as a matter of law that the trial court exceeded or abused its discretion in denying the petition to set aside a default, but should instead determine whether justice is being done. This interpretation is in line with the liberal attitude of the courts in setting aside defaults entered in the same term that the motion is filed as compared with motions filed under section 72 of the Civil Practice Act filed more than 30 days but less than 2 years after entry of a default judgment. (Ill. Rev. Stat., ch. 110, sec. 72.) In *Widicus* the court commented on the proper application of the rule relating to the vacating of default judgments as follows:

"In view of the fact that the statute, as it now stands, does not contain the requirement that good and sufficient cause appear, we do not believe that a court must now categorically determine that a meritorious defense or a reasonable excuse be proven to justify setting aside a default. We believe that the discretion will be properly invoked if it is based upon principles of right and wrong and is exercised for the prevention of injury and the furtherance of justice. * * *

The question of whether or not a court should set aside a default judgment should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as is possible, determination of matters upon their merits. * * *

The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances and in our judgment a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship on the plaintiff to go to trial on the merits." 26 Ill.App.2d at 108—109.

The attorneys for both sides discuss the same cases, *Lynch v. Illinois Hospital Services, Inc.,* 38 Ill.App.2d 470, *Adams v. Grace,* 128 Ill.App.2d 69, and *Sentry Royalty Co. v. Craft,* 79 Ill.App.2d 410. All of the above cases upheld the rule, as set forth in the *Widicus* case as previously

quoted. Plaintiffs attempt to distinguish the four cases from the present one in that the facts are different. However, it cannot be ignored that the court on its own motion in the present case on July 18, 1973, found the defendants in default, and ordered the "Clerk to set for default hearing." The hearing was held the next day and the court awarded money damages to all four plaintiffs and also issued an injunction against the defendants. It is difficult to understand what prompted the trial court to proceed to a default hearing the day after the default was entered, especially when the court's order of default stated that the defendants were to be notified. After the case had been on file for almost 57 months, justice is not benefited by defaulting the defendants as was done in this case.

■■ The plaintiffs indicate that the mistakes or errors of counsel will be imputed to the client. However, in *Mieszkowski v. Norville*, 61 Ill.App.2d 289, 296, the court stated, "Inadvertence of counsel should not necessarily be an excuse to vacate a judgment, but likewise, it should not necessarily be a bar to such relief." We believe this to be the better rule, and the fact that defendants were not able to obtain counsel after their original attorney withdrew until the default was entered should not prevent them from presenting their defense. It does not appear that opening up the judgment will cause a hardship to the plaintiffs or put their position in danger. Further, the plaintiffs are really in no position to complain of delay. At any time after December 6, 1968, they could have informed the court that defendants had not filed an answer, but they waited until July 18, 1973.

■■ The defendants' motion of August 6, 1973, to vacate the default judgment and stay writ of injunction should have been granted. Therefore, the order of the Circuit Court of Madison County is reversed and remanded with directions to allow defendants to plead to plaintiffs' complaint.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.