Jerry Keafer et al., Plaintiffs-Appellees, v. Jim McClelland, Defendant-Appellant.

(No. 74-176; )

Fifth District—November 7, 1974.

Giffin, Winning, Lindner, Newkirk, Cohen, Bodewes & Narmont, of Springfield (James M. Lestikow, of counsel), for appellant.

No appearance for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an order denying the defendant's motion to vacate a default judgment entered in favor of the plaintiffs in the small-claims division of the Circuit Court of Christian County. The small-claims

complaint was filed on February 22, 1974, and alleged that the defendant was indebted to the plaintiffs in the sum of $1000 for certain improvements made on the defendant's property. The defendant was served with a summons ordering him to appear in court on March 15, 1974. Counsel for the defendant filed an answer to the complaint on March 14, 1974, in which the defendant denied each allegation of the complaint.

A default judgment was entered in favor of the plaintiffs when the defendant failed to appear in court on March 15, 1974. On March 27, 1974, the defendant filed a petition to vacate the default judgment. The petition alleged that the defendant had a meritorious defense and cited one case in support of that allegation. The petition also attempted to explain the defendant's failure to appear in court on March 15, 1974. It was alleged that the defendant's counsel was unable to appear in court on that date and that the defendant was under the impression that, because his answer constituted an appearance in the case, a default judgment would not be entered. The trial court denied the petition to vacate the default judgment.

The defendant has appealed the trial court's order denying the petition to vacate and has filed a brief with this court. The plaintiffs have not submitted a brief.

■■ The relevant statutory provision is section 50(5) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 50(5)) which provides:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

It is well established that trial courts should be liberal in setting aside default judgments when it appears that justice will be promoted and when the motion to vacate is filed within 30 days of the judgment. (*Engelke v. Moutell*, 20 Ill.App.3d 253, 313 N.E.2d 613; *Meister Bros., Inc. v. Sigler*, 2 Ill.App.3d 853, 275 N.E.2d 903; *Knight v. Kenilworth Insurance Co.*, 2 Ill.App.3d 493, 275 N.E.2d 470.) A default judgment should be condoned when it is necessary to give the plaintiff his just demand; it should ordinarily be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits. (See *Doss v. Field Enterprises, Inc.*, 15 Ill.App.3d 875, 305 N.E.2d 431, and *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102, 167 N.E.2d 799.) When a petition to vacate a default judgment is filed within term time pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 50(5)), unlike the situation in which relief is sought pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par.

72), it is not necessary that a meritorious defense and a reasonable excuse for not having asserted that defense be shown; the overriding consideration is whether or not substantial justice is being done. (*People ex rel. Reid v. Adkins,* 48 Ill.2d 402, 270 N.E.2d 841.) Whether the petitioner has asserted or shown a meritorious defense or a good excuse are, of course, factors that should be considered in determining whether the judgment should be vacated.

■■ Since the hearing on the petition to vacate the default judgment in the instant case was not transcribed, we are unable to accurately determine whether the defendant has asserted a meritorious defense. The defendant's petition to vacate, however, indicates that a meritorious defense may exist. The defendant filed the petition to vacate only 12 days after the default judgment was entered. There is nothing to suggest that vacating the judgment will cause a hardship to the plaintiffs. Under these circumstances, we believe that substantial justice requires that the cause be determined on its merits.

For the foregoing reasons, we hold that the court erred in denying the defendant's motion to vacate the default judgment. Therefore, the order of the Circuit Court of Christian County is reversed and the cause is remanded with directions that a hearing on the merits be held.

Reversed and remanded.

EBERSPACHER and CARTER, JJ., concur.