LILLIAN  KARASKIEWICZ,  Plaintiff-Appellee,  *v.*  RICHARD  R. KARASKIEWICZ, Defendant-Appellant.

First District (1st Division)   Nos. 62482, 62833 cons.

Opinion filed May 10, 1976.

Richard M. Stanton, of Chicago, for appellant.

Julius E. Solomon and Howard L. Solomon, both of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Plaintiff, Lillian Karaskiewicz, whose complaint for divorce alleged that defendant was guilty of "extreme physical and mental cruelty" was awarded a decree of divorce by default. This is an appeal by the defendant from an order of the circuit court denying his motion filed pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, §50(5)) to vacate the default decree and to try the complaint as a contested matter. He also appeals from the circuit court's order that he pay plaintiff's attorney $1500 for fees and expenses in connection with this appeal.

Defendant was served with the complaint and summons on January 15, 1975. He appeared *pro se* at a hearing on January 22, 1975, on plaintiff's

motion for temporary alimony and temporary attorneys' fees. During that hearing the following colloquy took place:

"The Court: Do you want to contest the divorce if she wants it?

The Defendant: Yes.

The Court: He represents your wife. If you want to contest the divorce, you are going to have to get somebody to represent you. When did you get the summons?

The Defendant: Early part of this month and within a week.

The Court: He will serve you with notice of default, and if you don't come in on that date, she will get her divorce, and the Court won't listen to you."

The defendant continued to live in the marital home with the plaintiff until at least June 9, 1975.

The defendant did not file an appearance or answer, and on April 16, 1975, the plaintiff obtained her order of default without notice to defendant, and offered proof in support of her complaint. At the conclusion of that hearing, the trial judge, who was not the judge presiding on January 22, granted the plaintiff a divorce and directed plaintiff's attorney to have both parties sign the decree before it was entered, or serve the defendant with notice that the decree was being presented for entry.

On May 5, 1975, plaintiff served the defendant with notice by mail at the marital home that on May 8, 1975, the proposed decree would be presented for entry. The defendant was out of the State between May 5 and May 8 and did not learn of the notice until he returned to the marital home on May 10, 1975. The divorce decree was presented to the court on May 8, with no one appearing on behalf of the defendant, and the decree was signed and entered on May 15, 1975.

On June 9, 1975, the defendant filed a motion to set aside the judgment for divorce, and tendered an answer to the complaint for divorce. In his motion, the defendant alleged he had a meritorious defense, that he had not been informed that the plaintiff intended to obtain a default decree until he returned home from out of State on May 10, 1975, and that he had not believed that his wife was serious in pursuing her complaint since on two prior occasions his wife had retained counsel but had terminated any action prior to the issuance of a divorce decree. In his answer to the complaint, defendant denied the allegations of physical and mental cruelty. A hearing was held before the judge who entered the decree, and the motion to set aside the divorce was denied.

Trial courts should be liberal in setting aside default judgments when, as here, the motion is filed within 30 days of the judgment. (*Village of Mundelein v. Turk* (1974), 24 Ill. App. 3d 223, 321 N.E.2d 191; *Keafer v. McClelland* (1974), 23 Ill. App. 3d 1035, 321 N.E.2d 136.) A meritorious

defense and good excuse need not be shown; these are merely factors, as is hardship suffered by the plaintiff, which the court may consider in resolving the more basic issue of whether substantial justice will be done in the event the default is not set aside. (*Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799.) The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. *Accurate Home Supply, Inc. v. Malpede* (1973), 12 Ill. App. 3d 749, 299 N.E.2d 104.

■■ For the following reasons, we believe that substantial justice in this case will best be served by vacating the default decree: First, the judge before whom defendant appeared on January 22, 1975, told him the plaintiff's attorney would serve him with notice of default, and that if he failed to respond to the notice, the plaintiff would get her divorce. The defendant may, therefore, have assumed that a default decree would only be entered if he did not appear after receiving notice that the plaintiff was going to seek a default.

Second, the plaintiff's past behavior apparently caused the defendant to believe that plaintiff would not pursue her complaint.

Third, the plaintiff continued to live in the marital home with the defendant. She could have informed him that she was seeking a default decree, even if she did not know on what date the decree would be presented.

Fourth, defendant was out of the State at the time that the letter constituting notice to defendant that the decree was to be presented for entry was received at the marital home, and plaintiff did not inform her attorneys that defendant had not received their letter. This court should not sanction this breakdown in communications particularly because the parties were living in the same residence. The defendant contacted a lawyer on May 12, 1975, the first workday after his return. The plaintiff suggests that there was no excuse for the defendant's failure to file his motion until June 9. Since this was within 30 days from the entry of the decree, it was not necessary for the defendant to explain this delay. Nevertheless, he did explain it by affidavit informing this court that his attorney contacted one of the plaintiff's attorneys by telephone prior to June 9. The respective attorneys agreed that any action should be delayed until plaintiff's principal attorney returned from a vacation.

Fifth, there is no merit to plaintiff's argument that defendant waived his rights by failing to file a motion to reconsider the court's order pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, §68.3). Illinois Supreme Court Rule 366(b)(3)(ii) (Ill. Rev. Stat. 1973, ch. 110A, §366(b)(3)(ii)) provides that neither the filing nor the failure to file a post-trial motion limits the scope of review in a nonjury case.

Sixth, even if, as the plaintiff asserts, she has been having health problems, the record does not demonstrate that her health will be any more affected by going to trial now than if a trial had taken place in April 1975. Any imposition that a trial may be on the plaintiff is outweighed by the respected maxim that a litigant is entitled to his day in court.

■■■ The second issue presented is whether the trial court erred on August 19, 1975, in granting plaintiff's motion, pursuant to section 15 of "An Act * * * in relation to divorce" (Ill. Rev. Stat. 1973, ch. 40, §16), in the amount of $1500 for fees and expenses in connection with this appeal. The trial judge heard testimony on the financial condition of the parties. Defendant had an annual income of $16,000. Outside of the receipt of alimony of $105 per week, the plaintiff's only income was $35 per week for the rental of a flat in her home.

The allowance of attorney's fees in a divorce proceeding is not automatic, but depends on a showing that one spouse is financially unable to pay the fees, while the other is able to do so. (*Gold v. Gold* (1974), 17 Ill. App. 3d 11, 308 N.E.2d 75.) In this case, the relative financial conditions of the parties justified the order that defendant pay plaintiff's fees and expenses on appeal. However, the award of $1500 was excessive. It was based on the representation that plaintiff would incur heavy printing costs. Since plaintiff's briefs have been photoduplicated, this item of cost was admittedly nominal. Accordingly, the award of fees and expenses is reduced to $800.

The order denying defendant's motion to vacate the default divorce decree is reversed. The order requiring defendant to pay plaintiff's fees and expenses on appeal is affirmed, but modified by reducing the total amount defendant is required to pay by virtue of that order to $800. The cause is remanded for further proceedings not inconsistent with this opinion.

Reversed in part, affirmed in part as modified, cause remanded for further proceedings.

GOLDBERG, P. J., and BURKE, J., concur.