COLUMBUS SAVINGS & LOAN ASSN., Plaintiff-Appellee, *v.* CENTURY TITLE COMPANY *et al.*, Defendants-Appellants.

Second District (2d Division)   No. 75-536

Opinion filed February 1, 1977.

Jeffrey Rifken, of Rifken & Rifken, of Elgin, for appellants.

Theodore F. Zbiegien and Lee Montgomery, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Kane County awarding the plaintiff a judgment in the amount of $124,000, being $24,000 for actual damages and $100,000 for punitive damages.

Columbus Savings & Loan Assn. filed an unverified complaint against Century Title Company and Lawyers Title Insurance Corporation on July 6, 1974, alleging that Century Title Company had wrongfully disbursed escrow funds deposited with it by the plaintiff in connection with certain building contracts. The complaint prayed for judgment in the amount of $124,000, that is, $24,000 for actual damages and $100,000 for punitive damages.

The defendants did not file an answer but the parties entered into a stipulation giving the defendants until September 1 to answer, which stipulation was later extended to October 31, in anticipation of further negotiations. The defendants still not having filed an answer and there being no further activity by the plaintiff, the court, on May 14, 1975, notified the parties that the case would be passed to the automatic call for dismissal on July 28, 1975, pursuant to rule of court, unless prior to that date, upon written notice and motion, good cause was shown why the case should not be dismissed.

In answer to this the plaintiff, on July 15, 1975, filed a notice that on July 24 it would appear and move for judgment on the pleadings, copy of which motion was attached and which stated as its basis, "that there is no genuine issue as to any material fact for the reason that Defendants have failed to file their Answer."

The defendants, without leave of court, filed their answer to the complaint in the clerk's office on July 22, 1975, admitting certain allegations of the complaint, denying others and asserting as an affirmative defense, "that all disbursements that were made by it were made for material, supplies and labor performed on the various houses that were being constructed and, further, that the Plaintiff has not been damaged in any amount whatsoever."

It is agreed that this answer was not in the court file on July 24 when the plaintiff appeared before the trial court and filed its motion for judgment on the pleadings as set forth above. Defendants' counsel had not arrived at the time the case was called and plaintiff's counsel presented his motion entitled "Motion for Judgment on the Pleadings." After presenting the motion and informing the court (no doubt sincerely) that no answer had been filed, plaintiff's counsel was told by the court to draw the order, which plaintiff's counsel then did and the order for judgment in the amount of $124,000 was then signed by the trial court. Before plaintiff's counsel had left the court room, defendants' counsel arrived and attempted to convince the court that he had a defense to the case and should have an opportunity to be heard. He informed the court that his answer to the plaintiff's complaint had been filed two days previously. The trial court, however, refused to vacate the judgment just entered, saying, "Well, I have signed the judgment order and I am not about to change it." As is evident from the foregoing, no evidence was taken on the question of either actual or punitive damages.

To add to the confusion, another judge of the circuit court, not being apprised of these developments and noting the case on the automatic call for July 28, on that date called the case and dismissed it for lack of activity. On being informed of the judgment order he vacated the order dismissing the case.

On August 18 the defendants filed a motion to vacate the default judgment, based on section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)), which provides that:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

On August 28 counsel for both sides argued the motion to vacate the judgment under section 50(5) and at the end of the argument the trial court declined to vacate the judgment. This appeal followed.

It is the plaintiff's contention in this appeal that the judgment below was a judgment on the pleadings. It is quite clear from the plaintiff's appeal brief that by adopting this theory it is trying to avoid both the necessity of proving damages and the question of whether the trial court may have abused its discretion in declining to vacate a default judgment where,

within 30 days of the entry thereof, the defendants invoked section 50(5) of the Civil Practice Act and submitted an affidavit of meritorious defense.

■■ A judgment on the pleadings is a judgment on the issues as raised by the pleadings and where the defendant has not answered, no legal issue has been posed which can be disposed of by a judgment on the pleadings. The failure to answer subjects the defendant to a default judgment, not a judgment on the pleadings. This is tacitly recognized by the plaintiff here when he argues in his appeal brief that the defendants' answer filed on July 22, two days before the default judgment, and which had not reached the court file on July 24, was filed without leave of court and having been filed without leave, after the time for answer set forth in the summons, could be disregarded by the court and treated as a nullity. This argument implies that the plaintiff is seeking to uphold a default judgment, since it seeks to invalidate the answer, not on the basis of its legal insufficiency but on the technicality that leave of court not having been given to file it, there was no answer on file at the date of the default judgment.

It is apparent that the defendants assumed that the plaintiff would take no action while the defendants were continuing their efforts to get the situation resolved by completing the required work. While the defendants were unwise in this assumption, it was not entirely unwarranted in view of the lack of any action by the plaintiff for over six months following the last extension and indeed, until the parties were notified by the court that the case would be dismissed for lack of activity unless good cause was shown not to do so.

In any event, we see no basis for a motion for judgment on the pleadings when at the same time the plaintiff is arguing that the defendants have not filed any pleadings. Under these circumstances it is obvious the legal sufficiency of the defendants' case cannot be judged and if there is to be a judgment without evidence being taken, it must be a default judgment based on failure to answer at all. Thus, in our view, the motion presented by the plaintiff called for a default judgment and is thus subject to the defendants' motion to vacate the judgment which was properly brought under section 50 of the Civil Practice Act. The motion was therefore subject to the considerations which are to be invoked in deciding such a motion.

■■■ While it is desirable that litigation be disposed of in an orderly manner and unnecessary delays are not to be tolerated, there are many cases where a default judgment might do an injustice and damage the cause of justice even more than the delay consequent upon vacating a default judgment. For this reason subsection 5 of section 50 leaves considerable discretion to the trial court to vacate default judgments where a motion to do so is made within thirty days after its entry.

Formerly it was considered necessary to prove due diligence as well as a meritorious defense as a basis for a motion to vacate a default judgment even when promptly made. The present trend, however, is toward a more liberal treatment of such motions, with the dominating consideration being that of promoting the ends of substantial justice between the parties. This concept was expressed by our supreme court in *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, where the court said:

> "Apparently, the appellants did not seek leave to file their objections on the theory that the court had authority to set aside a default judgment, but pursuant to the provisions of section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 50(5)), the court, in its discretion, could have done so. Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. [Citations.]"

This doctrine was reaffirmed in the supreme court's affirmance of this court's judgment (25 Ill. App. 3d 1083) in the recent case of *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524. (See also the opinion of this court in *Smith v. National Drag Racing Enterprises, Inc.* (1974), 24 Ill. App. 3d 91 and *Hoffman v. Hoffman* (1976), 37 Ill. App. 3d 415.) As indicative of the general trend to more liberality in the treatment of default judgments under section 50, see also *Salvati v. Pekin Lincoln Mercury, Inc.* (1976) 37 Ill. App. 3d 78, and *Karaskiewicz v. Karaskiewicz* (1976), 38 Ill. App. 3d 509. Under the circumstances of this case we believe substantial justice would not be served by affirming the trial court's denial of the motion to vacate the judgment. A plaintiff who has to be prodded into pressing his case by the court is not, we suppose, so injured by the delay that it is entitled to not only substantial actual damages but in addition to large punitive damages, without even a hearing. It appears to us that substantial justice calls for a trial on the merits in order to judge the extent to which the plaintiff has been damaged, if at all.

The judgment of the circuit court of Kane County is vacated and the case remanded with instructions to proceed with a trial on the merits.

Reversed and remanded with instructions.

SEIDENFELD and GUILD, JJ., concur.