INGERSOLL ALUMINUM PRODUCTS CO., Plaintiff-Judgment Creditor-Appellant, *v.* DELBERT JOHN BUSSE, Defendant-Judgment Debtor.—BANK OF GALESBURG, Defendant-Garnishee-Appellee.)

Third District   No. 76-490

Opinion filed June 30, 1977.

BARRY, J., specially concurring.

Stephan A. Elman, of Peoria, for appellant.

Stephen C. Mathers, of Peel, Henning, Mathers, Bell & McKee, of Galesburg, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Peoria County which vacated a final judgment obtained in a garnishment proceedings by Ingersoll Aluminum Products Co., hereinafter referred to as the plaintiff, and against the Bank of Galesburg, hereinafter referred to as the defendant-garnishee.

The factual and procedural background which resulted in this appeal commenced when the plaintiff obtained a judgment against John Busse in the sum of $4,962.17 plus costs of suit. On May 13, 1976, pursuant to our garnishment act (Ill. Rev. Stat. 1975, ch. 62, pars. 33 and 37(a)(b)), the plaintiff filed a nonwage affidavit for garnishment against the defendant-

garnishee. Summons was issued which was served on May 27, 1976. The summons provided that answers to certain interrogatories were to be filed by the defendant-garnishee on or before June 4, 1976. The defendant-garnishee failing to respond during the time allotted, the plaintiff obtained a conditional judgment on June 7, 1976, and on the same date summons to confirm the conditional judgment was ordered to issue and service of process was had on the defendant-garnishee on June 22, 1976, which required an appearance to be filed on or before July 16, 1976. When the defendant-garnishee failed to enter its appearance a final judgment order in favor of the plaintiff and the debtor Busse was entered against the defendant-garnishee (Bank of Galesburg) on July 19, 1976.

On July 30, 1976, a citation to discover assets was issued which required the appearance of the defendant-garnishee on August 6, 1976. This hearing was continued to August 13, 1976, and during the interim, to-wit, on August 4, 1976, the defendant-garnishee filed a petition to vacate the judgment which the plaintiff had obtained. The plaintiff filed an answer to the petition to vacate and on August 13, 1976, after a hearing the circuit court of Peoria County vacated the July 19, 1976, final judgment against the defendant-garnishee. Thereafter the plaintiff duly perfected this appeal.

The sole issue in this appeal is whether the trial court properly or improperly vacated the final judgment order.

The defendant-granishee sought relief before the trial court pursuant to section 50 of the Civil Practice Act of Ill. Rev. Stat. 1975, ch. 110, par. 50(5), which provides:

> "(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

It is the contention of the plaintiff that the trial court abused its discretion in granting the petition to vacate the final judgment order and the basis for this contention is that there was a failure on the part of the defendant-garnishee to make a showing that there was a reasonable excuse for its delay in making an appearance and that further there was no showing of the existence of a meritorious defense to the plaintiff's action.

The defendant-garnishee's petition to vacate the judgment did allege improper service of process in one instance and a complete failure of service of process on another instance. The trial court did hear testimony of witnesses and argument of counsel but made no specific findings when the petition to vacate was granted.

■■ We have no way of knowing or ascertaining the grounds upon which the trial court predicated its order to vacate the final judgment against the defendant-garnishee, but we do not deem such knowledge to

be of any consequence since the overriding consideration in vacating judgments pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)) is whether or not substantial justice is being done between the litigants, and this consideration overrides and supersedes the questions of a meritorious defense and whether there exists a reasonable excuse for the delay in asserting it. See *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841.

■■■ In the instant case the defendant-garnishee was not guilty of lack of diligence. Sixteen days after the entry of the default judgment a petition to vacate the same was filed. Not only was the petition to vacate filed within 30 days but the order of the trial court vacating the judgment was also entered within the 30-day period. The trial court eliminated any question of hardship on the plaintiff by coupling with its order vacating the judgment the condition that the defendant-garnishee answer the interrogatories previously submitted by the plaintiff. In short, the plaintiff received what it had originally sought from the defendant-garnishee. Under the facts of this case we are persuaded that justice was served by the trial court's order vacating the default judgment particularly in view of the fact that the underlying obligation is not that of the defendant-garnishee.

The plaintiff complains of the trial court's action because it was indicated that it was the policy of the court to vacate default judgments if a proper motion is filed within 30 days of entry of judgment. We do not find such a policy to be improper. See *Smith v. National Drag Racing Enterprises, Inc.* (1974), 24 Ill. App. 3d 91, 320 N.E.2d 43.

For the reasons set forth we are of the opinion that the trial court properly vacated the default judgment against the defendant-garnishee and the order vacating the same is hereby affirmed.

Affirmed.

STENGEL, P. J., concurs.

Mr. JUSTICE BARRY, specially concurring:

I agree with the majority insofar as they seem to have concluded that the expenditure of court costs and attorney's fees is not sufficient hardship to warrant denying the defendant-garnishee its day in court. Nevertheless, the record in this case clearly indicates that the defendant-garnishee was served with three summons. The defendant-garnishee was served by the sheriff of Knox County over a three-month period with a garnishment summons, served May 18, 1976, a garnishment summons to confirm judgment, served June 22, 1976, and a citation to discover assets, served August 2, 1976. The garnishment summons required that the

defendant-garnishee answer certain interrogatories. The failure to respond to these interrogatories resulted in a judgment being entered against the defendant-garnishee and the issuance of the second and third citations referred to previously. The defendant-garnishee responded to none of the above citations, but petitioned for a vacation of the judgment. In fact, the interrogatories were not even answered at the time the trial court vacated the judgment, which led the trial court to condition the vacation of the judgment on the defendant-garnishee answering the interrogatories. However, the record fails to show that the defendant-garnishee ever answered the interrogatories. This obvious lack of diligence on the part of the defendant-garnishee would warrant, in my opinion, the awarding of costs and reasonable attorney's fees to the plaintiff pursuant to Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, par. 219(a)), if the trial court finds that the "failure" of the defendant-garnishee to answer the interrogatories was without substantial justification. For that reason, I would have remanded the cause to the trial court for a determination of whether there was substantial justification and, if not, of costs and reasonable attorney's fees.