WILLIAMSBURG VILLAGE OWNERS' ASSOCIATION, INC., Plaintiff-Appellee, v. LAUDER ASSOCIATES, Defendant-Appellant.

First District (3rd Division)   No. 1—88—1053

Opinion filed March 29, 1989.

Nancy Tordai O'Shaughnessy and James A. Blazina, both of James A. Blazina, Chartered, of Chicago, for appellant.

Arnold Pagniucci, of Sachnoff, Weaver & Rubenstein, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Lauder Associates (Lauder), appeals from an order of the trial court in a forcible entry and detainer action which granted judgment in favor of plaintiff, Williamsburg Village Owners' Association, Inc. (Williamsburg), for possession of certain commercial condominium property located in Inverness, Illinois. The order also awarded plaintiff damages in the amount of $8,385.72 for unpaid common expenses regarding the property and granted plaintiff attorney fees in the amount of $585. On appeal defendant characterizes the trial court order as an *ex parte* default order, the entry of which, defendant asserts, constituted a substantial injustice. Defendant also contends that the court erred in denying its motion to vacate the order.

For the reasons stated below, we reverse the judgment of the

circuit court and remand this matter for further proceedings.

The record indicates that on December 2, 1987, plaintiff filed its forcible entry and detainer action against Lauder, seeking recovery of $8,385.72 in unpaid common expenses for the subject property, in addition to attorney fees and costs. On January 29, 1988, plaintiff filed an amended complaint, naming Lauder in addition to several other defendants and seeking $12,210.71 in unpaid common expenses plus costs and fees.

Lauder was served with summons by publication on February 4, 1988. The return date was March 14, 1988. On March 3, 1988, the case was dismissed for want of prosecution. On March 14, 1988, the court vacated the dismissal for want of prosecution. A special and limited appearance was filed on behalf of Irwin Lipka, a codefendant not named in this appeal. Lipka was represented in court by the same attorneys as was defendant Lauder. On that date, the trial court indicated that Lipka and Lauder would be allowed to file motions to quash in support of a special and limited appearance. No special and limited appearance, however, was filed on behalf of defendant Lauder on that date. Counsel for Lauder indicated that he had appeared on behalf of Lauder in order to see if the case had been dismissed for want of prosecution and to discover the status of the case. Subsequently, a motion to quash service of summons was filed on behalf of the codefendant Lipka.

On March 24, 1988, counsel tendered a special and limited appearance on behalf of defendant Lauder. The trial court denied Lauder's request for leave to file a motion to quash service of summons in support of a special and limited appearance, stating that such a motion could be filed at any time, without leave of court. It is indicated in defendant's post-trial motion to vacate that counsel for Lauder then asserted the "equitable defense" that the statutory assessment procedures were not properly followed. The court stated that the defense asserted was "not germane" to the issue of possession, pursuant to the forcible entry and detainer statute. The trial court granted the motion to quash service of summons on the codefendant Lipka and stated that the case was ready for trial. Counsel for Lauder requested a continuance of the trial, and the court continued trial to March 31, 1988.

On March 31, 1988, counsel for Lauder indicated that he was not prepared to cross-examine any witness called by plaintiff, since he had just received a new schedule from plaintiff regarding the recovery amount sought. Counsel for plaintiff responded that he would "take away" the new schedule if necessary. Plaintiff's counsel also

stated that Lauder had failed to make any discovery requests. The court indicated that the trial would proceed. The court thereafter entered judgment in favor of plaintiff. On April 4, 1988, defendant Lauder filed a motion to vacate the judgment, which was denied.

Defendant Lauder initially asserts on appeal that its participation in the proceedings in the trial court constituted a general appearance. Defendant filed a special and limited appearance on March 24, 1988, and then sought a continuance of the trial. The court continued the case to March 31, 1988, on which date defendant moved for leave to file a general appearance *instanter*.

■■ ■ It is well established in Illinois that a special appearance is waived when a party raises a defense, makes a motion, files a pleading, or takes any other action over which the court would have no power to dispose of without having personal jurisdiction over the party. (*Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 445 N.E.2d 1337.) Any action by a party, except to object to the jurisdiction of the court, which "invokes the court's power to adjudicate an issue" (*Greene,* 112 Ill. App. 3d at 868) amounts to a submission to the jurisdiction of the court, and therefore, constitutes a general appearance. (*People v. Estep* (1955), 6 Ill. 2d 127, 126 N.E.2d 637.) A stipulation for a continuance amounts to a general appearance. (*Estep,* 6 Ill. 2d at 128.) In the instant case, therefore, defendant's request on March 24, 1988, for a continuance of the trial of the matter constituted a general appearance.

Defendant also contends that since its conduct constituted a general appearance, the court erred in refusing to allow it to file a written general appearance *instanter* on March 31, 1988. The only support in the record on appeal that defendant tendered a written general appearance to the court on March 31, 1988, appears in defendant's post-trial motion, filed on April 4, 1988. Plaintiff asserts that, therefore, there is insufficient support in the record for defendant's assertion. We have found, however, that defendant's conduct before the court on March 24, 1988, constituted a general appearance. Regardless of whether defendant tendered a written general appearance on March 31, 1988, does not change that result. Plaintiff apparently asserts, however, that defendant's alleged failure to file such an appearance, or to tender a written appearance as of record, supports plaintiff's assertion that defendant was not diligent in defending this matter. We shall address plaintiff's contention of lack of diligence below when we discuss the denial of defendant's final request for a continuance, and its motion to vacate the judgment order.

Defendant characterizes the trial court order entered on March

31, 1988, as an *ex parte* default order. Defendant points to the half-sheet of record, which contains "XP" next to the entry for March 31, 1988, apparently indicating that the order was entered *ex parte*. Further, defendant asserts that the judgment order was a default judgment, since any judgment entered when the defendant has failed to answer constitutes a default judgment. (*Columbus Savings & Loan Association v. Century Tile Co.* (1977), 45 Ill. App. 3d 550, 359 N.E.2d 1151.) Plaintiff responds that the order was not an *ex parte* order, since counsel for defendant was present in court on March 31, 1988. Further, plaintiff asserts that nothing in the record indicates that a default order was entered.

We find that the order entered was in effect a default order, since defendant did not answer plaintiff's complaint. Defendant asserts that the trial court's refusal to vacate the default order was erroneous and violated fundamental fairness. Further, defendant asserts, its motion to vacate the judgment, while entitled a section 2—1401 motion, is actually a section 2—1301(e) motion, since it was filed within 30 days after entry of the judgment. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—1301(e), 2—1401.) Further, defendant asserts that no prejudice would result to plaintiff if the default judgment were vacated. Defendant asserts that trial of the matter was continued only once, from March 24, to March 31, 1988. Further, defendant notes that plaintiff's counsel appeared in court regarding the suit only three times over 17 days, and that plaintiff's counsel did not present a motion to default defendant.

■■■■ Section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) provides for relief from judgments after 30 days from the entry of the judgment. On the other hand, section 2—1301 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e)) provides:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

Defendant's post-trial motion in the instant case, filed within four days of the entry of the judgment order, is properly characterized as a section 2—1301 motion. Under the provisions of section 2—1301, we find that defendant presented sufficient grounds for vacating the trial court's March 31, 1988, order. Further, regardless of whether the March 31, 1988, order constituted a default order, we believe that the trial court abused its discretion in denying defendant's request for a continuance of the trial on March 31, 1988. Therefore, we

find that the motion to vacate should have been granted.

■■ The trial court abused its discretion in refusing to grant defendant's request for a continuance on March 31, 1988. (See *Mireles v. Indiana Harbor Belt R.R. Corp.* (1987), 154 Ill. App. 3d 547, 507 N.E.2d 129.) Counsel for defendant contended on that date that he was not prepared to conduct meaningful cross-examination of plaintiff's witnesses, since he had just received from plaintiff a new schedule of damages. We find that plaintiff would not be unduly prejudiced by a continuance of trial of the matter. Plaintiff attempted to show hardship resulting from a delay in the proceedings, by stating that the cause had already been continued for trial and that plaintiff was ready with its witnesses and evidence to proceed to trial. However, defendant had requested only one other continuance of the trial, on March 24, 1988. In view of plaintiff's tendering to defendant a new amount of damages, we believe that defendant's request for a continuance on March 31, 1988, should have been granted. We are not unmindful of the summary nature of forcible entry and detainer proceedings and the desire of the courts to ensure the parties a prompt trial. (*Rodriguez v. Owaynat* (1985), 137 Ill. App. 3d 1017, 485 N.E.2d 438.) However, we do not believe that the granting of a continuance of the trial would frustrate the efficient administration of this proceeding.

■■ Defendant cites a number of cases which support the conclusion that his motion to vacate was improperly denied. In *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799, the court stated that in reviewing the denial of a motion to vacate a default judgment, a court of review must determine whether the trial court abused its discretion. In determining whether an abuse of discretion occurred, the court should consider whether the trial court's decision was "exercised for the prevention of injury and the furtherance of justice." (*Widicus,* 26 Ill. App. 2d at 108.) The court further stated:

> "The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. *** [A] court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factor. *** Justice will not be done if hurried defaults are allowed any more than

if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case ***.

*** [A] default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits." *Widicus,* 26 Ill. App. 2d at 108-09.

Three other cases cited by defendant cite *Widicus.* In *Doss v. Field Enterprises, Inc.* (1973), 15 Ill. App. 3d 875, 305 N.E.2d 431, the court reversed the trial court's entry of a default judgment and order denying the defendant's motion to vacate the default judgment. The defendant had filed a special and limited appearance and motion to transfer from Madison County to Cook County. The matter was transferred to Cook County, and the plaintiff paid the transfer fees without notifying the defendant. At a hearing on the matter, the defendant was not present and the court ordered the plaintiff to prepare an order of default. Before the default order was entered, counsel for the defendant appeared and offered to file a general appearance. The court stated that a motion to vacate the default was necessary before the defendant could file an appearance. The court then entered the default judgment. Thereafter, the defendant filed three separate motions to vacate the default judgment.

Citing the standard set forth in *Widicus,* the appellate court found an abuse of discretion by the trial court in its entry of the default order and refusal to vacate the order. The appellate court stated that the defendant's counsel had sought leave to file a general appearance before the order was entered. Further, the plaintiff showed no prejudice by the defendant's failure to plead, and the plaintiff did not request the default. *Doss,* 15 Ill. App. 3d at 878.

In *Karaskiewicz v. Karaskiewicz* (1976), 38 Ill. App. 3d 509, 348 N.E.2d 184, the court reversed the trial court's denial of the defendant's motion to vacate a default decree in a dissolution of marriage proceeding. The court looked to the *Widicus* standard of whether substantial justice was served in denying the motion to vacate. After considering all of the circumstances surrounding the entry of the default judgment, the court determined that any minor hardship to the plaintiff in requiring a full trial on the merits was outweighed by the need to protect the defendant's "day in court." *Karaskiewicz,* 38 Ill. App. 3d at 512.

In *Satcher v. Inland Real Estate Corp.* (1983), 116 Ill. App. 3d 685, 452 N.E.2d 126, the court reversed the trial court's denial of

the defendant's motion to vacate a default order entered after the defendant failed to appear at a hearing in the small claims action. While considering the defendant's excuse for failing to appear and its assertion that a meritorious defense to the plaintiff's action existed, the court stated that those factors alone do not determine whether the motion to vacate was properly denied. The court stated that an important factor in determining that the motion to vacate was improperly denied was that the record failed to support a finding that the plaintiff would be prejudiced by a granting of the motion. *Satcher,* 116 Ill. App. 3d at 688.

Two other cases cited by defendant are *Ingersoll Aluminum Products Co. v. Busse* (1977), 49 Ill. App. 3d 1015, 364 N.E.2d 1001, and *Panko v. Advanced Appliance Service* (1977), 55 Ill. App. 3d 301, 371 N.E.2d 3. In *Panko,* the appellate court held that the trial court properly granted the defendant additional time after the 30-day return date to file his appearance. The plaintiff asserted that the trial court should have entered a default judgment. The appellate court disagreed, stating that, particularly in a case where the issues are uncomplicated, it is not an abuse of discretion for a court to allow a defendant to file his answer *instanter* and then to proceed to trial. The court stated that justice is better served by trial on the merits than by default judgments. *Panko,* 55 Ill. App. 3d at 305.

█ *Busse* is the only cited case that does not deal particularly with a default judgment. In *Busse,* the plaintiff appealed from an order which vacated a final judgment in a garnishment proceeding. The court looked to the statute which provides for relief from judgments within 30 days of entry of the order (Ill. Rev. Stat. 1975, ch. 110, par. 50(5) (now Ill. Rev. Stat. 1987, ch. 110, par. 2—1301(e))) and stated that the "overriding consideration in vacating judgments" pursuant to the statute is "whether or not substantial justice is being done" between the parties. (*Busse,* 49 Ill. App. 3d at 1017.) This factor determines the resolution of the issue to a greater extent than other considerations, such as a meritorious defense and whether or not there is a reasonable excuse for the delay in asserting such a defense. (*Busse,* 49 Ill. App. 3d at 1017.) The court held that the trial court properly vacated the default judgment against the defendant where the defendant did not show a lack of diligence, the petition to vacate was filed within 16 days after entry of the judgment, and where the court order vacating the judgment was entered within 30 days of entry of the judgment order. In addition, no hardship to the plaintiff was shown. (*Busse,* 49 Ill. App. 3d at 1017.) Each of the cited cases supports the conclusion in the instant case that defend-

ant's request for a continuance and motion to vacate the judgment order were improperly denied.

For the foregoing reasons, we reverse the judgment of the circuit court and remand this matter to the trial court for further proceedings.

Reversed and remanded.

McNAMARA and WHITE, JJ., concur.