LEHAN, Chief Judge.
We affirm the final judgment against U.S. Viggo, Inc. and The BOC Group, Inc. See Telesphere Int’l, Inc. v. Scollin, 489 So.2d 1152 (Fla. 3d DCA), review denied, 500 So.2d 546 (1986). However, for the reasons explained below we reverse the final judgment against The BOC Group, pic., which is identified as a company incorporated in England.
No personal jurisdiction is shown to have been acquired over the English corporation through either actual or constructive service of process or by a general appearance reflecting a submission to jurisdiction. In that latter regard and contrary to the argument of plaintiff, we conclude that there was no pleading filed by or on behalf of the English corporation which constituted such a general appearance.
The Motion for Enlargement of Time for the filing of responsive pleadings which was filed by counsel on behalf of the English corporation did not constitute a general appearance. See Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984). While a Motion for Continuance of the trial date was filed and we are not inclined to disagree that a defendant’s motion of that kind constitutes a general appearance, see Williamsburg Village Owners’ Ass’n, Inc. v. Lauder Associates, 181 Ill.App.3d 931, 934, 537 N.E.2d 857, 859-60 (Ill.App.Ct.1989), we need not decide that issue. The reason is that, although the body of that motion in this case reads as though it was filed on behalf of the English corporation which had been named in an amended complaint as an additional defendant, the signature portion of the motion and additional facts show otherwise, as we will explain.
The Motion for Continuance was served thirteen days after the filing of an amended complaint adding the English corporation as an additional defendant and five days after the case had been scheduled for trial thirty-three days hence. The body of the motion includes the following paragraphs:
6. The newly added Defendants cannot adequately prepare for trial on such short notice and require sufficient time to conduct discovery in preparation for trial.
7. In the interest of expediency, Defendants are submitting this motion without the signatures of the litigants as required by Fla.R.Civ. P. 1.460 and Rule 2.085(c) of the Florida Rules of Judicial Administration. This is necessary because the undersigned attorneys cannot immediately obtain the signatures of the litigants as one of the Defendants is outside the United States and the other is out of state. The undersigned attorneys are currently attempting to obtain the Defendant’s signatures on the motion and will refile the motion with the required signatures as soon as they are obtained.
As indicated in those quoted paragraphs, the spaces in the signature portion of the motion for the signatures of each of the actual parties, required by Florida Rule of Civil Procedure 1.460, were left blank. The motion was signed only by “attorneys for U.S. Viggo, Inc.” Also, the affidavit of counsel, which was filed in the trial court in opposition to plaintiff’s motion for default, states under oath that the Motion for Continuance was not filed on behalf of the English corporation. The affidavit states:
2. Given the short time remaining before the scheduled trial date, I did not have the opportunity to consult with representatives of The BOC Group, pic., nor did any other attorney in our office, prior to the filing of Defendants’ joint Motion for Continuance and Motion for Enlargement of Time.
3. At the July 30, 1990 hearing on Defendants’ Motions, I explicitly represented to the Court that I was only appearing *1316 on behalf of U.S. Viggo, Inc. and The BOC Group, Inc. (Delaware). I did not appear on behalf of The BOC Group, pic.
4. When asked by the Court about the status of The BOC Group, pic. in this action, I stated that to my knowledge, this Defendant had not been served.
Under these uncontroverted circumstances we cannot conclude that the wording in the body of the motion indicating that the motion was that of the English corporation should be held to bind that corporation.
The final judgment is reversed as to The BOC Group, pic. but is otherwise affirmed.
DANAHY and BLUE, JJ., concur.